THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
GEORGIANN R. KLINE *et al.*, Defendants-Appellants.

Second District (1st Division)   Nos. 74-406, 74-407 cons.

Opinion filed August 20, 1976.

John F. Early, of Schwarz & Early, of West Dundee, for appellants.

Jack Hoogasian, State's Attorney, of Waukegan (Edward N. Morris, Martin P. Moltz, and Christine M. Drucker, all of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:

After a joint jury trial the co-indicted defendants, David P. Margraf and Georgiann Kline, were convicted of possession of cannabis in excess of 500 grams with intent to deliver, possession of cannabis in excess of 500 grams, possession of LSD less than 30 grams and possession of cocaine less than 30 grams. The court entered judgment on the verdict on all counts but sentenced the defendants only on the charge of possession of

cannabis in excess of 500 grams with intent to deliver. The defendant Margraf was sentenced to 5 to 15 years' imprisonment and the defendant Kline was sentenced to 4 to 12 years' imprisonment. The separate appeals of the defendants have been consolidated for opinion.

■■ Defendants first contend that their conviction and sentencing under the Cannabis Control Act and under the Controlled Substances Act (Ill. Rev. Stat. 1973, ch. 56½, pars. 1401, 1404) violated constitutional guarantees of due process and equal protection. These contentions have now been ruled upon adversely to the defendants in *People v. Mayberry*, 63 Ill. 2d 1 (1976).

The defendants next contend that they were not proven guilty of the offense of possession of cannabis with intent to deliver beyond a reasonable doubt. They argue that the evidence shows only that the defendant Margraf possessed more than 500 grams of cannabis and that there was no sufficient proof of the necessary intent to deliver. Defendant Kline additionally argues that her mere possession of the cannabis was not proved beyond a reasonable doubt.

It was proved that defendants lived together from time to time in a mobile home. Pursuant to a search warrant 6443.33 grams of marijuana were found in the home. In addition the police found 100 packets of reefer rollers containing 32 cigarette papers per packet. $5650 in currency was found hidden about the mobile home. Small amounts of cocaine (4.55 grams) and of LSD (13.74 grams) were also found, together with various paraphernalia, including scales, pipes, pans and tweezers.

There was testimony for the State that after the police arrived, the defendant Kline was seen standing by the toilet in the bathroom, looking down at it. There was a green leafy substance floating on the top of the toilet in the bowl which was skimmed and later determined to be marijuana. In the bottom of the toilet bowl the officer found four plastic bags, three containing pink pills and one containing a white powder. There was testimony identifying the items as contraband under either the Cannabis Control Act or the Controlled Substances Act.

Defendant Margraf did not testify nor did he call any witnesses in his own behalf.

Defendant Kline testified that many of the clothes found in the trailer were hers; that she had been staying with the defendant on weekends and on several evenings during the week during the month of January, 1974, and prior to that time had stayed with him for approximately 2 weeks in October, 3 weeks in November and 3 weeks in December of 1973. She said that when she saw the police cars that she ran out and warned the defendant and another person who was in the trailer. The latter ran to the bathroom. She then grabbed a bag containing green plant material from the table and ran back towards the bathroom after him. When she arrived

there she looked in the toilet and saw that there were a few flakes of marijuana floating in it. She testified that other than the marijuana in the bathroom toilet she had never seen any of the other contraband substances introduced during the trial. She also testified that she had never used LSD or cocaine although she had smoked marijuana in wrapping paper similar to the ones found in the trailer on numerous occasions in the trailer. She also testified that Margraf had never given, sold, provided, furnished or made available to her any marijuana or any other drugs. She said that the money found in the trailer was that which the defendant saved through the years.

Defendant Kline also called a witness who testified that the scales found in the trailer were antique, had parts missing and were not suitable for accurate weight measurement.

■■ There can be no question on this record that the proof showed beyond a reasonable doubt that the defendant Margraf possessed marijuana and controlled substances in contravention of the statutes. We also conclude that the proof establishes beyond a reasonable doubt that defendant Georgiann Kline also possessed the contraband substances found in the home.

The prosecution has the burden of showing that the substances were in the immediate and exclusive control of the accused and that she had knowledge of such possession but actual physical possession may be inferred from the fact that constructive possession existed at the place where the items were found (see *People v. Scott*, 110 Ill. App. 2d 368, 374-75 (1969)); and such possession may be joint (see *People v. Embry*, 20 Ill. 2d 331, 334-35 (1960); see also *People v. Galloway*, 28 Ill. 2d 355, 358 (1963), and *People v. Bell*, 53 Ill. 2d 122, 126-27 (1972)). The questions of possession and knowledge are ones of fact to be determined by the jury. Its findings will not be disturbed on review unless the evidence is so palpably contrary to the verdict or so unreasonable, improbable or unsatisfactory as to create a reasonable doubt of guilt. *People v. Galloway*, at 358.

■■ Applying these principles, we must agree with the State that the facts establish beyond a reasonable doubt that Margraf was in constructive possession of all of the contraband substances found in the mobile home. It is equally clear that Georgiann Kline was also in constructive possession of the substances. In addition to her testimony as to her occasional living in the home and the presence of her clothes in the trailer, the manager of the trailer park testified that he had seen her five or six times, spoken to her on the phone several times, had seen her once at the trailer, had collected rent from her on one occasion, and had conversations involving a television set in the trailer. There was testimony that when one of the officers first saw the defendant Margraf he was told

by him that Georgiann Kline was Margraf's wife. In addition, she was seen flushing marijuana down the toilet when the officer arrived. Under the facts the evidence was clear that the defendant Kline either intentionally possessed the contraband substances or possessed them in furtherance of the common design with the defendant Margraf and another person who was in the trailer. See *People v. Dickens*, 19 Ill. App. 3d 419 (1974). See also *People v. Nelson*, 109 Ill. App. 2d 396, 401 (1969).

The question whether either or both defendants were proved guilty beyond a reasonable doubt of possession of more than 500 grams of any substance containing cannabis *with intent to deliver* (Ill. Rev. Stat. 1973, ch. 56½, par. 705) is the more difficult issue. Defendants argue that the elements which the State proved, *i.e.*, the quantity of the marijuana, the number of packets of reefer rollers and the large amount of currency were not sufficient to circumstantially prove beyond a reasonable doubt that defendants had intended to deliver marijuana. They reason that if the legislature had meant to make possession of more than a certain amount of cannabis prima facie evidence of an intent to deliver, the statute would have stated the presumption.[1]

They also argue, distinguishing *People v. Galloway*, 28 Ill. 2d 355 (1963), that no inference may be drawn from the amount of currency found in the house in view of the explanation of the defendant Kline and the lack of rebuttal by the State. As to the large amount of cigarette papers, they reason that an individual who sells marijuana which by its nature is a secretive transaction would not sell transfer papers which were easily available in any tobacco store. And finally they argue that the mere quantity of the marijuana does not make it a virtual certainty that the defendants were selling the substance. It notes that the possession of more than 500 grams of marijuana is a Class 3 felony and since the possession with intent to deliver is a Class 2 felony the legislature must have intended a greater quantum of proof for conviction of possession with intent to deliver, *i.e.*, proof greater than to show a mere possession such as either an actual sale or an attempted sale.

■■ ■ We cannot agree. The quantity of the marijuana was large enough to distribute and in excess of any amount which could be normally intended for personal use. This was some circumstantial evidence from which the jury could properly infer and conclude that the substance was possessed with intent to deliver.

■■ Characteristically, a mental state is seldom subject to direct proof and must generally be inferred from circumstances which warrant the inference. The inference to be drawn from the amount of a contraband substance possessed must be judged on a case-to-case basis. It is a

---

[1] *Cf.* Ill. Rev. Stat. 1973, ch. 38, par. 17—1(d). See also Annot., 60 A.L.R. 3d 1128-1138 (1974), and Annot., 5 A.L.R. 3d 100 (1966).

reasonable inference, however, that the possession of an amount far in excess of any amount which could be viewed as for personal use, is possessed with intent to deliver. (*Cf. United States v. Welebir*, 498 F.2d 346, 351 (4th Cir. 1974); *United States v. Blake*, 484 F.2d 50, 57 (8th Cir. 1973). See also *State v. Harrison*, 111 Ariz. 508, 533 P.2d 1143, 1145 (1975).) In addition, the quantity of the reefer rollers which could have provided 3200 potential "joints" strengthens the inference that defendants were guilty of more than casual use or possession. (*People v. Galloway*, 28 Ill. 2d 355, 360 (1963).) The fact that the source of the currency and the inadequacy of the scales were explained by defendant Kline's witnesses on a basis consistent with mere possession does not remove the conflict in the evidence. The jury was, of course, not required to believe the explanation and could draw contrary inferences from the evidence. *People v. Wiggins*, 12 Ill. 2d 418, 423-24 (1957).

Defendants next argue that the cannabis and controlled substances which were introduced in evidence were done so improperly. They claim that the foundation proof failed to show an adequate test to the entirety of the substances and the weight of the tested portions; and thus claim a failure to prove the amount possessed in excess of 500 grams. The State responds that the fact that the chemist did not test each and every LSD capsule or each and every gram of cannabis but rather chose several grams and capsules at random and tested only those few was not improper.

A chemist is permitted to analyze a small amount of substance and give an opinion as to the whole. (See *People v. Ohley*, 15 Ill. App. 3d 125, 130-31 (1973), *cert. denied*, 417 U.S. 962, 41 L. Ed. 2d 1135, 94 S. Ct. 3163 (1974); *People v. Hering*, 27 Ill. App. 3d 936, 943-44 (1975).) In *Ohley*, six tablets were chosen out of a total of 89. The chemist's conclusion that the remaining 83 tablets also contained LSD even though they could not be positively identified as such was held to go only to the weight of the evidence. Likewise in *Hering* the chemical test of 30 out of several hundred capsules permitted a conclusion that each of the other capsules contained LSD. Defendants' attempt to distinguish *Hering* and *Ohley* is not persuasive. See also *State v. Jester*, 68 N.J. 871, 342 A.2d 850, 852 (1975).

We also find no merit in defendants' further contentions that no proper foundation was laid for the introduction of the various physical objects admitted into evidence. There was sufficient proof that the pipes, gram scales, pans and gram scale weights, together with numerous packages of the roller papers were connected to the defendants and to the charges of possession or possession with intent to deliver.

Defendant Kline also claims that the State improperly elicited her testimony that she had used marijuana before. The questions were

initiated by the prosecutor who asked about the use of the "Hookah" pipe which was found in the trailer and the questioning was about whether the defendant Kline had ever smoked marijuana in the Hookah. Over objection she testified that she had smoked marijuana on possibly 20 occasions in the trailer in the previous October but that the contents did not come from the pink packages which were identified in evidence. She said she had never smoked marijuana through the water pipe.The State argues that the inquiry as to the previous use of marijuana in the trailer was relevant to the issue of defendant Kline's constructive possession of the marijuana at the time of her arrest and thus that it had independent relevance to an issue in the case. (See *People v. Allen*, 1 Ill. App. 3d 197, 201 (1971).) Alternatively the State argues that the competent evidence showed beyond all doubt that the defendant was guilty and that therefore an error in the admission of the evidence of other offenses would not call for reversal. (See *People v. Tranowski*, 20 Ill. 2d 11, 16 (1960).) Defendants argue that the testimony was not independently relevant that the use of marijuana occurred three months before the date in question, that the marijuana came from a small bag such as was flushed rather than the pink packages and that she had never seen anything similar to the packages nor had she ever used cocaine or LSD. They argue that the testimony could only be for the purpose of prejudicing both defendants' cases by allowing the jury to infer without any evidence that the defendant Kline had committed a separate crime and that the defendant Margraf participated; and that the evidence denied them a fair trial.

■■ We conclude, however, that the evidence was relevant to negative the possibility that the presence and conduct of the defendant Kline on the date of the offenses charged was inadvertent and to refute her apparent contention that others and not she or Margraf possessed the cannabis found in the trailer. See *People v. Allen*, at 201; *People v. Van Riper*, 127 Ill. App. 2d 394, 400 (1970); *People v. Barnes*, 2 Ill. App. 3d 461, 464-65 (1971). See also *People v. Cole*, 29 Ill. 2d 501, 503 (1963); *People v. Wilson*, 46 Ill. 2d 376, 382 (1970). Compare *People v. Stadtman*, 59 Ill. 2d 229 (1974), where the inquiry was not related to lack of knowledge of the presence of contraband.[2]

■■ Defendants have also complained of the prosecutor's closing argument which they claim prejudiced them by an inference that they sold drugs. The argument was not objected to at trial. On this record we find that any claim of error has been waived. (See *People v. Dailey*, 51 Ill.

---

[2] In *Stadtman* the majority found the general inquiry:

"Did you ever see Mr. Stadtman smoke marijuana" to require reversal of a theft conviction because it had no relevant purpose except to show a criminal propensity even though a possession of marijuana charge had been dismissed by the court.

2d 239, 243-44 (1972).) Moreover, the statements appear to be proper comments based on the evidence.

■■ Defendants also contend that, in any event, the convictions for possession of marijuana in excess of 500 grams, possession of LSD and possession of cocaine must be reversed since they arose from the same conduct as defendants' conviction for possession of cannabis with intent to sell. The State concedes that the conviction for possession of marijuana involves the same drug and the same conduct as the conviction for possession of marijuana with intent to deliver with the only difference being a lesser mental state. Accordingly, it concedes that the conviction for mere possession of marijuana should be reversed. We agree. See *People v. Hering*, 27 Ill. App. 3d 936 (1975).

■■ The State maintains, however, that the convictions for possession of LSD and for possession of cocaine do not involve either the same drug or the same conduct as the conviction for possession of marijuana with intent to deliver; therefore, that since the acts and mental states constituting the two different offenses are independent of one another and separable, two judgments are justified. We agree, and conclude that the trial court did not err in entering separate judgments of conviction on the jury verdicts as to the possession of LSD and cocaine. *People v. Downing*, 37 Ill. App. 3d 297, 303 (1976).

■■ Defendants finally claim that their individual sentences are excessive. In Margraf's case he argues that he is totally without any arrest record, was a disabled veteran and was self-employed as a booking agent for three music groups. In the case of defendant Kline it is conceded that she was incarcerated for the possession of heroin for one year on a prior occasion. However, this defendant points to her maintenance of steady employment as a waitress and as a saleslady, together with evidence that she had cooperated with the State's Attorney's office regarding an investigation into a separate matter while awaiting trial on the present charges. From a review of the entire record, we cannot conclude that the trial judge manifestly abused his statutory discretion in imposing sentence. See *People v. Taylor*, 33 Ill. 2d 417 (1965).

The judgments convicting defendants of the offense of possession of marijuana are reversed. In all other respects, the judgments are affirmed.

Judgments affirmed in part, reversed in part.

GUILD, P. J., and HALLETT, J., concur.