THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* RODGER ALDRIDGE, Defendant-Appellant.

Fourth District No. 14267

Opinion filed March 23, 1978.

Richard J. Wilson and Karen Munoz, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Phyllis J. Perko and Jan Tuckerman, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE TRAPP delivered the opinion of the court:

The defendant, Rodger Aldridge, was convicted by jury of unlawful possession of more than 500 grams of a substance containing cannabis (Ill. Rev. Stat. 1975, ch. 56½, par. 704(e)), and unlawful manufacture of more than 500 grams of a substance containing cannabis (Ill. Rev. Stat. 1975, ch. 56½, par. 705(e)). He was sentenced to two concurrent terms of 1 to 5 years' imprisonment. He appeals from his convictions and sentences.

Defendant argues that it was improper to convict and sentence him for possession of more than 500 grams of a substance containing cannabis because this is a lesser included offense of unlawful manufacture of cannabis. The State argues that at some point in time, the defendant had finished the manufacture of some of the cannabis, and was thereafter chargeable with possession of that cannabis.

Initially, we note that the State agrees with the facts of the case as stated

in defendant's brief. From those facts, we are unable to find a sufficient segregation of the cannabis by defendant to support the State's theory of two separate offenses. Cannabis was found growing and drying in defendant's back yard, and some was found in defendant's house. It may be inferred from the State's argument that only cannabis found in the house may be the subject of the possession charge. The State expressly admits in its brief that only about 298 grams of cannabis was found in the house. Not all of this was in the finished state of manufacture that the State finds necessary to separate possession from manufacture. Our incursion into the voluminous, confusing, and unclear record reveals about 113 grams of cannabis that conceivably could be subject to a possession charge separate from a manufacture charge.

■■ The facts of the case indicate that defendant and two others grew a large amount of cannabis in defendant's back yard garden. They harvested. They dried it. They chopped it. They packaged it. Each of these steps would support a manufacture charge and each would instead support the lesser included charge of possession. Then they stored the cannabis. Defendant's wife claimed it was to be for their own consumption. We do not consider their act of storage to be so separable from their manufacturing process as to constitute a separate offense for which defendant may be punished. In addition, we are unable to ascertain accurately on what the jury based the possession verdict, and that evidence has not been pointed out for us. Consequently, we must reverse the conviction and sentence for possession of cannabis. We find support for this position in *People v. Elam* (1976), 39 Ill. App. 3d 705, 350 N.E.2d 832. In that case defendant was convicted of possession of cannabis and of unlawful production of cannabis. Both convictions arose out of the same act of cultivating the plants, and the plants were alive and growing at the time they were confiscated. The conviction and sentence for unlawful production of cannabis were vacated. See also *People v. Austin* (1974), 23 Ill. App. 3d 520, 319 N.E.2d 306.

■■ The defendant next argues that he was not proved guilty of either offense beyond a reasonable doubt. We find from the record that defendant supplied the land and paid to have the garden plot plowed. He knew of the presence of the growing cannabis, and of cannabis being dried on his land. This involvement alone constitutes a violation of the Cannabis Control Act. Further, an accountability instruction was submitted to the jury and liability could properly have been found on that theory. Ill. Rev. Stat. 1975, ch. 38, par. 5—2(c).

We note also that defendant testified, inconsistently, that he didn't know cannabis was growing in the yard, and that he told the others on several occasions to get rid of it. Now he argues that he in no way participated in the propagation of the cannabis. The jury found

otherwise, and was not required to believe the defendant. Nor are we.

Defendant next claims that the trial court erred in not granting the jury's request for a review of an unspecified portion of the trial testimony and for a sample of cannabis. The defendant acknowledges the rule that it is within the discretion of the trial court to allow or deny such a request. (*People v. Pierce* (1974), 56 Ill. 2d 361, 308 N.E.2d 577.) Defendant contends, however, that the trial court indicated that it did not have the discretion to consider the request, thus placing our case within *People v. Jackson* (1975), 26 Ill. App. 3d 618, 325 N.E.2d 450.

■■ To support this argument, defendant isolates the response of the trial court to the jury: "The court can not grant either of your requests." This ignores the *in camera* remarks of the trial court: "We spent only a little more than a day \* \* \* in the actual trial of this case. There is no reason that they can't remember." Later, when it appeared that the jury was deadlocked, the request for the testimony was again discussed. The prosecutor argued that the court should at least determine the specific testimony sought by the jury. The defense counsel stated:

> "It would be my position as the court has indicated it wouldn't make any difference what parts of the transcripts they wanted read back to them; I believe that the court was correct in exercising its discretion \* \* \*."

Because the defense counsel did not object, and in fact urged the correctness of the ruling, the defense cannot now complain of the ruling. *People v. Page* (1976), 39 Ill. App. 3d 728, 350 N.E.2d 262. See *People v. Dixon* (1967), 37 Ill. 2d 416, 226 N.E.2d 608, *cert. denied* (1967), 389 U.S. 871, 19 L. Ed. 2d 150, 88 S. Ct. 153; *People v. Thigpen* (1966), 33 Ill. 2d 595, 213 N.E.2d 534.

Defendant next assigns as error the giving of a deadlocked jury instruction, after having been informed by the foreman that the jury could reach a verdict. The instruction given was in the language set out in *People v. Prim* (1972), 53 Ill. 2d 62, 289 N.E.2d 601. At trial, the defense counsel stated:

> "I think that if the jury in this case is brought back in, the foreman is inquired of as to whether or not they can reach a verdict, if given additional time, if he says yes, then following *Prim*, the deadlock instruction could be given to the jury. If he says no, then in the discretion of the court, the deadlocked instruction could also be given to the jury \* \* \*."

The record shows that the trial court inquired of the jury foreman whether the jury would be able to arrive at a verdict. The foreman responded in the affirmative. The court then gave the *Prim* instruction. There was no objection by the defense.

■■ It is not necessary to consider this issue on its merits because no

objection to the giving of the instruction was interposed at the time it was given by the trial court; to the contrary, defense counsel affirmatively urged the trial court to instruct. See *People v. Buckley* (1976), 41 Ill. App. 3d 989, 355 N.E.2d 207.

■■ The defendant argues that the 5-year maximum sentence imposed upon him is excessive. He is a first offender, a high school graduate and has some college. He was a designer for an industrial design firm and has a useful technical skill. The State characterizes his work record, as shown by the presentence report, as erratic. We note that a 20-year maximum sentence was permissible under the statute. (Ill. Rev. Stat. 1975, ch. 56½, par. 705(e), Ill. Rev. Stat. 1975, ch. 38, par. 1005—8—1(b)(3).) In reviewing sentences, a reviewing court operates within constraints. A sentence may be altered only where an abuse of sentencing discretion by the trial court is found. *People v. Perruquet* (1977), 68 Ill. 2d 149, 368 N.E.2d 882.) The trial court set a low minimum sentence of 1 year and this will readily provide for defendant's early rehabilitation, should that occur. Further, the defendant participated in the manufacture of a very large quantity of cannabis. Thus, the 5-year maximum is not unreasonable when viewed with regard to the seriousness of the offense. We find no abuse of discretion and we cannot reduce the sentence.

The conviction and sentence for manufacture of cannabis is affirmed. The conviction and sentence for possession of cannabis is reversed.

Affirmed in part; reversed in part.

GREEN, P. J., and CRAVEN, J., concur.