THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.*
RICHARD J. NEWELL, Defendant-Appellant.

Fourth District   No. 15449

Opinion filed October 19, 1979.

CRAVEN, J., dissenting.

Richard J. Wilson and Diana N. Cherry, both of State Appellate Defender's Office, of Springfield, for appellant.

Robert J. Bier, State's Attorney, of Quincy (Marc D. Towler and Denise M. Paul, both of State's Attorneys Appellate Service Commission, of counsel), for the People.

Mr. JUSTICE MILLS delivered the opinion of the court:

Can the roots, moisture, and immature stalks of the marijuana plant constitute "substance containing cannabis"?

Yes.

We affirm.

Newell was found guilty by a jury of the offenses of possession of more than 500 grams of cannabis and of production of cannabis.

Judgment was entered only on the possession verdict and he was sentenced to 4 years in the Department of Corrections. On appeal, he contends that the State failed to prove that he was in possession of more than 500 grams of a substance containing cannabis.

The evidence at trial showed that a large number of plants were seized from a garden on property adjacent to that of the defendant. One of the Adams County deputy sheriffs who seized the plants testified that they were growing in four distinct rows in a garden plot which measured 20 by 40 feet. There were approximately 200 plants in this cultivated area and there were no weeds present in the area of the seized plants. He characterized the seized substances as marijuana.

Within an hour of the seizure, the defendant arrived home and was immediately taken into custody by the deputy. During the trip to the sheriff's office, he acknowledged that he had planted the marijuana plants that had been seized.

The plants were subsequently weighed on a scales located at the sheriff's department and were found to weigh in excess of 600 grams. They were then transported to a local pharmacy where they were again weighed and at this time it was established that they weighed 609.1 grams.

Three plastic bags containing the plants were delivered to a drug analyst for the Illinois Department of Law Enforcement on November 9, 1978. The analyst, who normally tested dried plant material, split open each bag, removed the roots and dried the material. He testified that the plants were not mature and that growing plants contain water. When he subsequently weighed the plants, now dried and without roots, they weighed 87.1 grams. He then removed a sample from each bag and performed a microscopic examination and a modified Levine-Duquenois test. To the best of his knowledge all of the plant material was Cannabis sativa. He admitted that he could not state that all the plants were cannabis since he only examined a portion of each bag, not each individual plant.

The defendant presented no evidence and the jury returned verdicts of guilty.

An element of proof necessary to sustain a conviction under section 4(e) of the Cannabis Control Act is the weight of the substance containing cannabis. The weight must be in excess of 500 grams. (Ill. Rev. Stat. 1977, ch. 56½, par. 704(e).) Defendant initially contends that the evidence produced by the State was not sufficient to establish a weight in excess of 500 grams.

We disagree.

Defendant concedes the State may legitimately include the weight of each plant which was Cannabis sativa in arriving at the weight of 500

grams. He argues, however, that such aggregation cannot extend to any plant which did not contain cannabis or to garden soil.

We agree.

■■ But this record is devoid of evidence to suggest that the Adams County deputy sheriffs included soil or plants which did not contain cannabis when they arrived at the weight of 600 grams. We see no basis for differentiating between plants the defendant has aggregated in growing rows in a garden and plants he has aggregated in processed form in plastic bags. (*People v. Calhoun* (1977), 46 Ill. App. 3d 691, 361 N.E.2d 55.) As long as the State connects the substances to the defendant, their aggregation is not improper.

The only evidence presented to the trier of fact in this case was that the officer seized only those plants which had been aggregated by the defendant. The plants that were seized were not mature plants. The defendant neither attempted to have the substances analyzed prior to trial nor did he cross-examine the State's witnesses in this regard. In fact, he admitted that the seized "marijuana plants" were planted by him.

Defendants' reliance on the reduction in the weight of the plants after they were dried and the roots removed is misplaced. In *Calhoun*, the cannabis that was seized also contained paper and bits of soil. The court could not assume that the absence of these materials from the seized contraband would reduce its weight to below the required statutory amount for the offense of which the defendant had been convicted. Furthermore, the court concluded that the State may determine the weight of the contraband based upon its condition at the time it was seized.

■■ We conclude that the State is not required to process and condense the seized material to minimize the weight of the contraband and it may rely on its weight at the time it is impressed.

On this record, the jury was entitled to consider the weight of 600 grams obtained by the deputy sheriff when arriving at its decision.

Defendant next attacks the State's expert testimony as to the nature of the seized substances. He argues that there was insufficient proof of the nature of these plants because only a sample from each of the bags was analyzed.

An expert opinion as to the nature of a particular substance may be based upon an analysis of a small amount of the substance. The fact that only a portion is positively identified as containing the contraband goes only to the weight to be given the testimony, not to its admissibility. (*People v. Kline* (1976), 41 Ill. App. 3d 261, 354 N.E.2d 46.) It is for the jury to decide the weight to be given to this expert testimony. *People v. McCord* (1978), 63 Ill. App. 3d 542, 379 N.E.2d 1325.

■■ To the best of the analyst's knowledge, all of the plant material was

cannabis. He admitted that he could not state that all of the plants were cannabis—he only tested a portion of each bag and defendant had none of it analyzed. This evidence was presented to the jury and its finding will not be disturbed unless it is so unreasonable, improbable, or unsatisfactory as to create a reasonable doubt of guilt. (*People v. Vriner* (1978), 74 Ill. 2d 329, 385 N.E.2d 671.) Applying this standard, we conclude that the evidence was sufficient to support the jury's verdict.

Affirmed.

REARDON, P. J., concurs.

Mr. JUSTICE CRAVEN, dissenting:

The defendant was convicted for possessing more than 500 grams of marijuana, a Class 3 felony (Ill. Rev. Stat. 1977, ch. 56½, par. 704(e)). Possessing more than 30 grams but not more than 500 grams is a Class 4 felony (Ill. Rev. Stat. 1977, ch. 56½, par. 704(d)). Permissible sentence for a Class 3 felony is not less than 2 nor more than 5 years (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(a)(6)); permissible sentence for a Class 4 felony is not less than 1 nor more than 3 years (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 1005—8—1(a)(7)). The defendant's conviction for possession of marijuana should be reduced to a Class 4 felony because the State has failed to meet its burden of proof that the defendant possessed more than 500 grams of a substance containing cannabis.

Between the time the plants were weighed by the sheriff shortly after they were plucked from the ground until they were weighed by a drug analyst for the Illinois Department of Law Enforcement, they decreased or lost well over 500 grams in weight. This record is devoid of any evidence that explains how much of the weight loss was due to the fact that the roots had been removed and the plants dried.

We should take judicial notice of the fact that plants freshly plucked from the earth will contain soil on their roots. Common sense dictates that the dramatic weight loss of the plants can best be explained by the fact that when the plants were originally weighed by the sheriff's office they contained not only moisture and roots, but also soil on the roots. After all, the marijuana plants were weighed the same day they were picked and it is difficult to believe that in the short time between picking and weighing the sheriff's deputies would have removed the soil from the roots of the 200 marijuana plants.

The majority relies on *People v. Calhoun* (1977), 46 Ill. App. 3d 691, 361 N.E.2d 55, for its conclusion that the weight of the marijuana plants at the time they are seized determines how much marijuana the defendant possessed. Reliance on *Calhoun* is not persuasive. The *Calhoun* court

decided that "bits of paper and soil which were mixed together with the cannabis" (46 Ill. App. 3d 691, 696-97, 361 N.E.2d 55, 59) were properly used for purposes of determining the weight of the substance containing marijuana. The *Calhoun* decision was supported by two arguments. First, it read *People v. Mayberry* (1976), 63 Ill. 2d 1, 345 N.E.2d 97, as supporting its conclusion that bits of paper and soil can be included in a "substance containing cannabis." The *Calhoun* court misread *Mayberry*. Indeed, the majority states in its opinion that it agrees with the defendant that garden soil may not be included for purposes of determining the weight of the substance containing cannabis.

Second, the *Calhoun* court stated that assuming, *arguendo*, its interpretation of *Mayberry* was wrong, that it could not assume that the absence of bits of soil and paper would reduce the contraband's weight below the required statutory amount for the offense of which the defendant had been convicted. In *Calhoun*, the weight of the substance containing cannabis was 340.1 grams. In order for the defendant's Class 4 felony to be reduced to a misdemeanor, the weight of the bits of paper and soil would have had to weigh more than 300 grams. In contradistinction, if, in this case, the soil on the roots of the 200 marijuana plants weighed as little as 110 grams (less than four ounces), the defendant's Class 3 felony conviction for possessing more than 500 grams of cannabis cannot stand.

Because the State did not show that the roots of the marijuana plants were free of soil when they were weighed, it has not met its burden of proving that the defendant possessed more than 500 grams of a substance containing cannabis and therefore the defendant's Class 3 felony conviction should have been reduced to a Class 4 felony.

The defendant's Class 3 felony conviction for possessing more than 500 grams of marijuana is the harshest penalty one can receive in Illinois for possession of marijuana. Dried, rootless and without soil, it is undisputed that the marijuana seized from the defendant weighed 87.1 grams, which is to say, the defendant possessed about three ounces of marijuana. Obviously, this relatively innocuous quantity of marijuana does not make the defendant a "large-scale purveyor" of marijuana. Clearly, to convict the defendant of a Class 3 felony—the harshest penalty for possession of marijuana in Illinois—contravenes the legislature's stated purpose:

> "[T]o establish a reasonable penalty system which is responsive to the current state of knowledge concerning cannabis and which directs the greatest efforts of law enforcement agencies toward the commercial traffickers and large-scale purveyors of cannabis. To this end, this Act provides wide latitude in the sentencing discretion of the courts and establishes penalties in a sharply rising

progression based on the amount of substances containing cannabis involved in each case." Ill. Rev. Stat. 1977, ch. 56½, par. 701.

The majority opinion offends the stated purpose. I would reduce the offense to a Class 4 felony and affirm the conviction.