UNITED STATES of America ex rel.
Richard J. NEWELL, Petitioner,

v.

Larry MIZELL et al., Respondents.

No. 80–3083.

United States District Court,
C. D. Illinois,
Springfield Division.

Sept. 11, 1980.

Jerold S. Solovy, Carol R. Thigpen, Michael Brohman, Jenner & Block, Chicago, Ill., for petitioner.

Tyrone C. Fahner, Atty. Gen., Michael Vujovich, Asst. Atty. Gen., Springfield, Ill., for respondents.

## ORDER

J. WALDO ACKERMAN, District Judge.

Richard J. Newell, currently incarcerated at Vienna Correctional Center, has petitioned this court for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He seeks relief from a judgment entered by the Circuit Court of Adams County, Illinois, and affirmed by the Appellate Court of Illinois, Fourth District. 77 Ill.App.3d 577, 33 Ill. Dec. 66, 396 N.E.2d 291 (1979). Leave to appeal to the Illinois Supreme Court was denied January 30, 1980. Petitioner alleges that he is being held in violation of his Constitutional right to due process because the evidence presented at his trial was insufficient to convict him beyond a reasona-

ble doubt. This Court has carefully reviewed the record of the State Court proceedings and finds that the writ must be allowed for the reasons stated below.

 Defendant was convicted of unlawful possession of more than 500 grams of cannabis by a jury and sentenced to four years in the Illinois State Penitentiary. For that conviction and his present incarceration to stand, the State must have proven beyond a reasonable doubt that defendant possessed over 500 grams of a substance containing cannabis. The Illinois statute which defines cannabis, Ill.Rev.Stat. ch. 56½ § 703(a), excludes from that definition the mature stalk of the cannabis plant. Therefore, the mature stalk may not be included in the weight determination, and the State must bear the burden of proving that the defendant possessed more than 500 grams of cannabis without the weight of the mature stalks. The State failed in this burden.

On January 8, 1979, Newell was tried in the Circuit Court of the Eighth Judicial Circuit, Adams County, Illinois, for the possession of cannabis. The evidence indicated that on August 8, 1978, two deputy sheriffs for Adams County executed a warrant to search Newell's home. Record of Proceedings (hereinafter R.) at 48. On property adjacent to his backyard, separated from his property by a fence, the officers found a twenty–by–forty foot garden plot (R. 53, 54). They seized approximately 200 plants, characterized at trial by one of the investigating police officers as "marihuana," from the plot (R. 48). The officers then placed the material seized in three plastic bags and took them to a prescription shop to be weighed (R. 49, 50). The total weight of the material in the bags at that time was 609.1 grams (R. 49).

The material was then taken for testing to Michael Cravens, a chemist employed by the Illinois Department of Law Enforcement (R. 64, 79). Cravens removed the root portions of the plants, dried them and weighed the contents (R. 81). After the drying and the removal of roots, the total weight of the plants seized was 87.1 grams (R. 81). Cravens did not know how many plants were in the bags and did not test each plant (R. 82). Rather, he tested a sample from each of the three plastic bags and concluded that the portions tested were cannabis (R. 80). Cravens "really couldn't say" whether the plants not tested by him were cannabis, (R. 82) and admitted that it was possible that there was other plant material in the bags aside from the portion of plants which he determined to be cannabis (R. 83). In addition, Cravens admitted that approximately 20% of the weight of the plants tested could be attributed to the main stalks and branches, and that he had made no determination as to how much of the material tested consisted of stalks and branches (R. 83, 85). Cravens did not know the age of the plants tested, nor did he know whether the plants were mature. (R. 85).

On January 9, 1979, the jury found defendant guilty of the possession and production of cannabis and determined the amount in his possession to have been over 500 grams (R. 175), a Class 3 felony under Illinois law. Ill.Rev.Stat. ch. 56½ § 704(e).[1] The trial court entered a judgment only on the offense of possession of cannabis and, on February 14, 1979, sentenced defendant to four years in the Illinois Department of Corrections (C. 56, 61).

 The standard which this court must apply in a federal habeas corpus proceeding

---

1. The Illinois Cannabis Act determines the severity of the penalty to which an offender is subject by the weight of the cannabis containing substance possessed by the offender. The Class 3 felony, for possession of a substance containing cannabis in excess of 500 grams, is the harshest penalty for possession in Illinois and subjects the offender to a sentence of no less than two nor more than five years. The statute further provides that one found in possession of not more than 2.5 grams of cannabis substance is guilty of a Class C misdemeanor; one in possession of more than 2.5 grams but not more than 10 grams is guilty of a Class B misdemeanor; one in possession of more than 10 grams but not more than 30 grams is guilty of a Class A misdemeanor; and one in possession of more than 30 grams but not more than 500 grams is guilty of a Class 4 felony. Ill.Rev. Stat. Ch. 56½ § 704(a–e).

when the claim is made that a person has been convicted in a state court upon insufficient evidence is whether any rational trier of fact could have convicted the defendant on the evidence presented. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). The court need not ask itself whether *it* believes that the evidence at trial established guilt beyond a reasonable doubt. Instead, the court must *determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt.* Under this standard, invasion of the province of the jury by the federal district court under the provisions of Title 28 U.S.C. § 2254 is necessary only to guarantee the fundamental protection of due process of law. *See Jackson v. Virginia, id.*

Defendant was convicted of possession of more than 500 grams of marihuana under the provisions of the Illinois Cannabis Control Act (Ill.Rev.Stat., ch. 56½ § 701 *et seq.*, (hereinafter cited as Cannabis Control Act), which prohibits the possession of cannabis and fixes the penalty by the weight of the substance containing marihuana. These penalties range to a maximum of five (5) years' imprisonment.[2]

In defining cannabis, the Illinois legislature specifically exempted the mature stalk of the cannabis plant. Cannabis is statutorily defined as follows:

(a) 'Cannabis' includes marihuana, hashish and other substances which are identified as including any parts of the plant Cannabis Sativa, whether growing or not; the seeds thereof, the resin extracted from any part of such plant; and any compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin, including tetrahydrocan-

nabinol (THC) and all other cannabinol derivatives, including its naturally occurring or synthetically produced ingredients, whether produced directly or indirectly by extraction, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil or cake, or the sterilized seed of such plant which is incapable of germination. Ill.Rev.Stat., ch. 56½ § 703(a). Because "cannabis" does not include the mature stalk, the stalk may not be included in the weight determination under Illinois law.

■ In its opinion the court in *People v. Newell*, 77 Ill.App.3d 577, 33 Ill.Dec. 66, 396 N.E.2d 291 (1979), found that the stalks which were included in the weight of over 500 grams were "immature". If that be true, then it follows that a rational trier of fact could have returned a verdict based on the reasonable doubt standard, since the statute only excludes "mature" stalks. The State strenuously argues that this factual determination must be presumed correct in the habeas proceeding before this court by reason of 28 U.S.C. § 2254(d). However, a presumption of correctness would not ordinarily attach to appellate court factual determinations when these determinations are supported neither by specific findings made by the trial court judge nor by the evidence. *See White v. Finkbeiner*, 7 Cir., 570 F.2d 194, 201 (1978). A federal court, in fact, has a duty to assess the facts, as they appear in the record, when called upon to

---

**2.** The Illinois Supreme Court in *Illinois v. Mayberry*, 63 Ill.2d 1, 345 N.E.2d 97, upheld the constitutionality of the statute which fixes punishment in cannabis cases based on the weight of "a substance containing cannabis". The authority relied upon therein was *United States ex rel. Daneff v. Henderson*, 501 F.2d 1180 (2d Cir. 1974), which was a case dealing with hard drugs. That case states the rationale for gradations in punishment based on the weight of the substance in which the hard drug is found.

Such rationale may arguably be distinguished for Cannabis, i. e. the roots, branches, limbs, moisture or soil on a growing plant bears little relationship to the seriousness of the ·possession vis–a–vis the possessor of a lesser quantity by weight of the dried usable substance. In any event, since the proof in this case failed it is not necessary to address whether the statute, if construed in this fashion, could, on its face, pass muster as a federal constitutional matter.

apply a Constitutional standard to a conviction obtained in a state court. *Jackson v. Virginia*, 443 U.S. at 315, 99 S.Ct. at 2787.

Ascertaining the standard by which maturity of the plant must be judged is difficult, for neither Illinois statute nor case law defines the phrase found within the Illinois definition of cannabis, "... the mature stalks of such plant." In addition, the sole testimony in the record as to the maturity or immaturity of the plants was, at best, inconclusive. The state's witness, Cravens, a drug analyst for the Illinois Department of Law Enforcement, testified as follows:

Q Now do you know approximately how old these plants were?

A I didn't have any idea.

Q Do you have any idea how old a cannabis plant has to be to be mature?

A Well, if you mean mature to the point where it produces seeds and the seeds are like ready to drop or something, I am not sure what the growing season would be. I guess maybe three or four months old for a plant from seed to flowering mature plant.

Q But you don't know how old these particular plants were?

A I would have to say they were a lot less than a mature plant. I don't know. It's hard to tell from the condition they were in what size they actually were, but I don't think any more than 18 inches to two feet or what would be two feet high.

Q Did you measure any of them?

A No, sir, I didn't.

Q How tall does a mature plant get?

A A mature plant can get 8 to 12 feet tall.

Q How short can a mature plant be?

A I really don't know.

(R. pp. 48–49). In summary, the analyst was unable to say whether the plants were or were not mature, and, notably, the analyst did not measure either the length of the plants or the circumference of the stalks.

Because Cravens estimated that approximately twenty per cent of the weight of the plant would likely be attributed to the stalk, the question of the maturity of the stalks is an important one. If the stalks could not have been included in the aggregate weight, the total weight of the plants in this case would have been lowered to an amount less than 500 grams, and Petitioner's crime and penalty would have been greatly reduced.

The evidence presented by the State does not reasonably support a finding of guilt beyond a reasonable doubt in regard to the weight of the plants seized. Lacking definition of the phrase "mature stalk", the law must be construed in favor of the defendant in a criminal case. The testimony of Cravens, the State's witness, did not affirmatively establish that these were either mature or immature plants.

In the instant cause, burden of proof in regard to the weight of the plants rests with the State. Each of the elements of a crime must be proved beyond a reasonable doubt by the State in a criminal case. *See In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). The Illinois Appellate Court in *People v. Newell*, 77 Ill.App.3d 577, 33 Ill.Dec. 66, 396 N.E.2d 291 (1979), acknowledged that the weight of the cannabis is one of the elements of the crime of possession of cannabis in Illinois; therefore, the burden of proof must fall upon the State to show that the cannabis weighed more than 500 grams, excluding the weight of the mature stalk.

The Appellate Courts in Illinois are split as to whether Defendant or the State must bear the burden to prove an exemption under a criminal state statute, such as the exemption of the mature stalk from the definition of cannabis. The uncertainty is the result of conflicting judicial construction of Section 16 of the Cannabis Control Act which provides:

It is not necessary for the State to negate any exemption or exception in this Act in any complaint, information, indictment or other pleading or in any trial, hearing or other proceeding under this Act. The burden of proof of any exemption or exception is upon the person claiming it.

In applying Section 16 of the Cannabis Control Act, the Illinois Appellate Court, 3rd District, in *People v. Biers*, 41 Ill.App.3d 576, 353 N.E.2d 389 (1976), and in *People v. Holmes*, 41 Ill.App.3d 585, 353 N.E.2d 396 (1976), equated the exemption to an affirmative defense. The Defendant, therefore, must raise the issue of the exemption when it might be applicable, and the state then is required to meet the burden of proof beyond a reasonable doubt as to that issue. However, the Illinois Appellate Court, Fifth District, in *People v. Jones*, 75 Ill.App.3d 214, 30 Ill.Dec. 785, 393 N.E.2d 1132 (1979), *cert. denied* 100 S.Ct. 1662 (1980), would require the Defendant to prove the existence of any exemption with a preponderance of the evidence.

The *Jones* court relied upon the holding of *People v. Smith*, 71 Ill.2d 95, 15 Ill.Dec. 864, 374 N.E.2d 472 (1978), a case which dealt with exemptions to the unlawful use of weapons offense. The specific statute with which the *Smith* case dealt (Ill.Rev. Stat. ch. 38, par. 242) was not one, as here, in which the grade of the offense depends on the amount possessed. The court emphasized there that the State is required to prove beyond a reasonable doubt each fact necessary to the crime charged. Under a statutory scheme such as that of Illinois, where the weight of the drug establishes the grade of the offense, the quantity of drug is an essential element going to the substance of the charge. *People v. Kadlec*, 21 Ill.App.3d 289, 313 N.E.2d 522 (1974).

■ Because the Illinois Cannabis Control Act provides for penalties based upon the weight of the substance containing cannabis, the interpretation of the Illinois statute in *People v. Biers*, 41 Ill.App.3d 576, 353 N.E.2d 389 (1976), is mandated by the Constitution and is, in my opinion, correct. The cross–examination of Cravens by Defend-

ant was sufficient to raise the issue of the exemption. The State was then required to meet the burden of proof, for the Illinois statutory scheme makes the element of weight one of the facts which must be proved beyond a reasonable doubt. The circuit court apparently adopted the *Jones* rationale by refusing a defense tendered instruction which read: "When determining the weight of cannabis, you should not include the weight of stalks of mature plants."[3] The conflicting argument captured in *Biers* was presented to the trial court by defendant's appointed counsel. However, on appeal, Petitioner was represented by different appointed appellate counsel who did not urge this point as error on appeal to the Illinois Appellate Court for the Fourth District or to the Illinois Supreme Court. Because of the finding that the quantity of cannabis was not proven by the state beyond a reasonable doubt, it is not necessary to reach the legal or constitutional significance of this failure. It is noted parenthetically that this alone may afford Petitioner an independent ground for relief.

In addition, Petitioner's claim that the State has not proved beyond a reasonable doubt that no plants other than cannabis or garden soil were included in the aggregate weight has some merit. The Illinois Appellate Court in *People v. Newell*, 77 Ill.App.3d 577, 33 Ill.Dec. 66, 396 N.E.2d 291 (1979), agreed with Petitioner that the aggregate weight of growing plants under the Illinois statute should include only Cannabis Sativa and not other plant material or garden soil. The evidence presented at trial leaves doubt that only cannabis plants were weighed.[4] However, the weight of such foreign substances would be slight. The stalks of the plants, on the other hand, comprise at least

---

3. The record presented herein is less than satisfactory in showing the instructions which were, in fact, read to the jury by Judge Scholz.

4. No botanical identification was made by Cravens, the drug analyst, and only a sample from each plastic bag was chemically tested and microscopically examined. (R. 83, 80). The drug analyst admitted that there could have

been other plant material in the bags besides cannabis. (R. 83). In addition, testimony at trial clearly established that plants freshly plucked from the ground were weighed soon after their seizure. (R. 49, 50). Therefore, it is not unreasonable to conclude that the soil clinging to the roots of the plants was not removed before weighing.

twenty per cent of their total weight, and the testimony at trial clearly established that the entire plant was included in the weight determination.

For the reasons stated above, no rational trier of fact could have concluded that the evidence presented by the State proved beyond a reasonable doubt that Petitioner possessed more than 500 grams of cannabis. Discussion of the lesser included offense or the probability of ordering a new trial is not required here in view of the length of the sentence already served by Petitioner.

Under the authority granted to this Court by 28 U.S.C. § 2254, and in accordance with Rule 8(a) of the Rules Governing § 2254 Cases in the United States District Courts, I hereby grant the petition for Writ of Habeas Corpus and order that Richard J. Newell be released from custody.

It is, therefore, ordered that a Writ of Habeas Corpus be issued by the Clerk of this Court commanding the Warden, Vienna Correctional Center, Vienna, Illinois, to release the body of Richard J. Newell from custody.

It is further ordered that the United States Marshal for the Central District of Illinois–Springfield Division, forward to the United States Marshal for the Southern District of Illinois, for immediate delivery to Warden Larry Mizell, Vienna Correctional Center, Vienna, Illinois, two (2) certified copies of this Order, together with original and two (2) certified copies of the Writ of Habeas Corpus, and one (1) certified copy of the Petition for Writ of Habeas Corpus.