UNITED STATES of America, ex rel., Richard J. NEWELL, Petitioner-Appellee,

v.

Larry MIZELL, et al., Respondents-Appellants.

No. 80–2669.

United States Court of Appeals, Seventh Circuit.

Argued Oct. 27, 1981.

Decided Jan. 14, 1982.

Rehearing and Rehearing In Banc Denied May 10, 1982.

Douglas D. Mustain, Jenner & Block, Chicago, Ill., for petitioner-appellee.

Cathy Ann Pilkington, Asst. Atty. Gen., State of Illinois, Chicago, Ill., for respondents-appellants.

Before CUMMINGS, Chief Judge, SPRECHER, Circuit Judge, and GRANT,[*] Senior District Judge.

SPRECHER, Circuit Judge.

We reverse the granting of a writ of habeas corpus because, after viewing the evidence in the light most favorable to the prosecution, we cannot conclude that any rational trier of fact could not have found the essential elements of the crime beyond a reasonable doubt.

## I

The petitioner, Richard J. Newell, was found guilty of possession of more than 500 grams of a substance containing cannabis in violation of Ill.Rev.Stat., ch. 56½, § 704(e), and was sentenced to four years' imprisonment by a state court in Adams County, Illinois. The conviction was affirmed by the Illinois Appellate Court, Fourth District, in *People v. Newell*, 77 Ill.App.3d 577, 33 Ill.Dec. 66, 396 N.E.2d 291 (1979). Leave to appeal to the Illinois Supreme Court was denied on January 30, 1980.

Newell filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging detention without due process because the evidence presented at his trial was insufficient to convict him beyond a

reasonable doubt. The federal district court, 497 F.Supp. 442, issued the writ, holding that the state failed to "bear the burden of proving that the defendant possessed more than 500 grams of cannabis without the weight of the mature stalks." *United States ex rel. Newell v. Mizell*, 497 F.Supp. 442, 443 (C.D.Ill.1980). The weight of the substance is important because the possession of more than 500 grams may bring a sentence of two to five years, whereas the possession of more than 30 but not more than 500 grams may only result in a sentence of one to three years. Ill.Rev.Stat., ch. 56½, § 704(d) and (e); Ill.Rev.Stat., ch. 38, § 1005-8-1(a)(6) and (7).

## II

The standard to be applied in a federal habeas corpus proceeding when a claim is made that a person has been convicted in a state court upon insufficient evidence is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Once a defendant has been found guilty of the crime charged, all of the evidence must be considered in the light most favorable to the prosecution. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

Inasmuch as a twelve-person jury and two justices of the Illinois Appellate Court found sufficient evidence to convict the defendant, but the dissenting appellate justice and the federal district judge found insufficient evidence to convict the defendant, we must examine the trial evidence with great care.

## III

On August 8, 1978, pursuant to a search warrant, the Sheriff of Adams County, the chief deputy sheriff, another deputy sheriff and the state's attorney (R. 46, 52) went to Newell's home. On property adjacent to Newell's backyard, separated from

---

[*] Honorable Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation.

his property by a fence, they found a twenty-by-forty foot garden plot (R. 53–54). In the garden plot, the officers found four definite rows of plants. The plants varied in size from six inches to twelve or fourteen inches high. It appeared that these plants were cultivated and in the area where the plants were growing, there were no weeds (R. 48). The officers seized approximately 200 marihuana plants (R. 48) and took them to the sheriff's department᾽ where they were weighed at over 600 grams (R. 49). The plants were placed in three plastic bags and taken to a prescription shop where they were weighed a second time at 609.1 grams (R. 49–50).

At trial, Newell's wife testified that he planted the plants that the officers seized (R. 59). Michael E. Cravens, a State of Illinois crime laboratory employee, was qualified as a drug expert (R. 64–79), testifying that he had appeared approximately 200 times in court as a drug analyst (R. 65). Cravens described the procedure he followed in analyzing the plants confiscated by the police. He dried the plants (R. 80), removed the roots and weighed the plants at 87.1 grams (R. 81). He took a sample from each of the three bags and performed a chemical test and a microscopic examination on each sample (R. 80). At least three times in his testimony, he gave his opinion that the contents of each of the three plastic bags were cannabis (R. 80, 82, 86).

Cravens testified on cross examination (R. 85–86):

Q Now do you know approximately how old these plants were?

A I didn't have any idea.

Q Do you have any idea how old a cannabis plant has to be to be mature?

A Well, if you mean mature to the point where it produces seeds and the seeds are like ready to drop or something, I am not sure what the growing season would be. I guess maybe three or four months old for a plant from seed to flowering mature plant.

Q But you don't know how old these particular plants were?

A I would have to say they were a lot less than a mature plant. I don't know. It's hard to tell from the condition they were in what size they actually were, but I don't think any more than 18 inches to two feet or what would be two feet high.

Q Did you measure any of them?

A No, sir, I didn't.

Q How tall does a mature plant get?

A A mature plant can get 8 to 12 feet tall.

Q How short can a mature plant be?

A I really don't know.

Newell presented no evidence and the jury returned a verdict of guilty.

The closing argument of Newell's counsel consumed nine pages of the transcript, of which five pages were devoted to the weight and identification of the cannabis (R. 162–166). The jury was instructed that if it found the defendant guilty, it must determine the amount by weight in grams of the cannabis that the defendant possessed.[1] The court refused a defense instruction to the jury that "[w]hen determining the weight of cannabis, you should not include the weight of stalks of mature plants."

## IV

The only issue raised by Newell in his direct appeal, in his petition for a writ of habeas corpus, and in this appeal is that the state failed to prove beyond a reasonable doubt that he possessed more than 500 grams of a substance containing cannabis, inasmuch as the 600 gram substance weighed by the sheriff's department could have contained mature stalks, material other than cannabis, or soil.

## A

The Illinois Cannabis Control Act contains a definition of "cannabis" which in-

---

1. "If you find the defendant guilty of the crime of possession, you must determine the amount by weight in grams of the cannabis that said defendant possessed. You shall use the verdict form that reflects the range in weight of the amount of cannabis you find the defendant to have possessed."

cludes "any parts of the plant Cannabis Sativa, whether growing or not ... but shall not include the mature stalks of such plant." Ill.Rev.Stat., ch. 56½, § 703(a).[2] Thus, there is nothing unusual about a possession prosecution involving growing plants since the statute itself speaks of cannabis "whether growing or not." *See, e.g., People v. Elam*, 39 Ill.App.3d 705, 709, 350 N.E.2d 832, 836 (1976) (the cannabis cultivated at the rear of defendant's residence consisted of plants which were "alive and growing at the time they were confiscated"); *People v. Aldridge*, 58 Ill.App.3d 260, 262, 15 Ill.Dec. 801, 802, 374 N.E.2d 236, 237 (1978) ("Cannabis was found growing and drying in defendant's back yard, ...."). The Federal Controlled Substances Act also makes possession of cannabis a prosecutable offense "whether growing or not." 21 U.S.C. § 802(15). The federal statute likewise excludes "mature stalks." *Id.*

Neither the Illinois nor the federal act defines what "mature stalks" are and there appear to be no cases essaying a definition. In *United States v. Spann*, 515 F.2d 579, 582 (10th Cir. 1975), the convicted defendant made an argument similar to Newell's argument here, that is, that it was just as reasonable to assume that the substance in his possession "consisted of the portions of the plant excluded from the proscription of the statute (i.e., the mature stalks, etc.)." In affirming Spann's conviction, the Tenth Circuit disposed of the mature stalks argument on the basis that the defendant had stipulated that a government chemist, if called, would testify that Spann possessed "marihuana," which under both the Illinois and federal statutes is a term interchangeable with cannabis. In Newell's case, the

expert testified at least three times that it was his opinion that the plants confiscated at the rear of Newell's residence consisted of cannabis (R. 80, 82, 86).

Not being furnished with a definition of mature stalks, we can only assume that a mature stalk is one that has fully grown. The expert in this case testified that a mature cannabis plant can be eight to twelve feet tall. He testified that the plants confiscated from Newell's backyard were only eighteen inches to two feet tall. The chief deputy sheriff who actually engaged in uprooting the plants testified that they were twelve to fourteen inches high. The summary of this evidence was that mature or fully grown plants grow as high as eight to twelve feet, whereas the 200 plants involved here were only one to two feet high.

The only area where the expert confessed a lack of knowledge was the age of the confiscated plants. Inasmuch as the Illinois statute does not measure maturity in terms of age, it is not material that the expert could not identify the precise age of these plants. He noted how tall a mature plant can be and testified that the confiscated plants were six to eleven feet short of mature growth. He testified unequivocally that "I would have to say they were a lot less than a mature plant." When he added, "I don't know," he was not qualifying his testimony about maturity, but merely answering again that he did not know the chronological age of the plants. The jury might also have concluded that 600 plus grams was a modest weight for 200 cannabis plants, and therefore that the plants could not have been eight to twelve feet high.

2. Ill.Rev.Stat., ch. 56½, § 703(a) provides:

"Cannabis" includes marihuana, hashish and other substances which are identified as including any parts of the plant Cannabis Sativa, whether growing or not; the seeds thereof, the resin extracted from any part of such plant; and any compound, manufacture, salt, derivative, mixture, or preparation of such plant, its seeds, or resin, including tetrahydrocannabinol (THC) and all other cannabinol derivatives, including its naturally occurring or synthetically produced ingredients, whether produced directly or indirectly by extraction, or independently by means of chemical synthesis or by a combination of extraction and chemical synthesis; but shall not include the mature stalks of such plant, fiber produced from such stalks, oil or cake made from the seeds of such plant, any other compound, manufacture, salt, derivative, mixture, or preparation of such mature stalks (except the resin extracted therefrom), fiber, oil or cake, or the sterilized seed of such plant which is incapable of germination.

### B

The district court was also influenced in issuing the writ of habeas corpus by its perception that soil may have clung to the plant roots when the plants were weighed, and by the fact that the chemist tested only samples and not all of the plants. 497 F.Supp. at 446.

The state appellate court, whose fact determination is entitled to consideration, *Sumner v. Mata*, 449 U.S. 539, 101 S.Ct. 764, 66 L.Ed.2d 722 (1981), stated:

> But this record is devoid of evidence to suggest that the Adams County deputy sheriffs included soil or plants which did not contain cannabis when they arrived at the weight of 600 grams.
>
> \*    \*    \*    \*    \*    \*
>
> The plants that were seized were not mature plants. The defendant neither attempted to have the substance analyzed prior to trial nor did he cross-examine the State's witnesses in this regard.

77 Ill.App.3d at 579, 33 Ill.Dec. at 68, 396 N.E.2d at 293. The only foreign matter within the general vicinity of the confiscated plants were weeds. The state appellate court noted that the evidence indicated that "there were no weeds present in the area of the seized plants." 77 Ill.App.3d at 578, 33 Ill.Dec. at 67, 396 N.E.2d at 292. *See also* R. 48. Newell's wife testified that he planted the confiscated plants.

There is ample Illinois precedent that expert opinion as to the nature of a particular substance may be based upon a small amount of that substance. *People v. McCord*, 63 Ill.App.3d 542, 546, 20 Ill.Dec. 257, 260, 379 N.E.2d 1325, 1328 (1978); *People v. Yosell*, 53 Ill.App.3d 289, 293, 11 Ill. Dec. 184, 186, 368 N.E.2d 735, 737 (1977); *People v. Kline*, 41 Ill.App.3d 261, 267, 354 N.E.2d 46, 51–52 (1976); *People v. Hering*, 27 Ill.App.3d 936, 943, 327 N.E.2d 583, 589–90 (1975).

In view of the state court record, we cannot agree with the district court. We believe that a rational trier of fact could have found beyond a reasonable doubt the elements of the crime of possession of more than 500 grams of cannabis.

The district court judgment is reversed.