THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DAVID H. YOSELL, Defendant-Appellant.

First District (1st Division)    No. 63146

Opinion filed October 3, 1977.

George C. Rantis, of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, and Kenneth T. McCurry, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:
After a bench trial, defendant was convicted of possessing more than

200 grams of a controlled substance, barbituric acid, in violation of section 402(a)(5) of the Illinois Controlled Substance Act. (Ill. Rev. Stat. 1973, ch. 56½, par. 1402(a)(5).) The trial court sentenced the defendant to 4 to 6 years in the Illinois State Penitentiary and defendant now appeals.

The sole issue defendant presents in this appeal is whether he was proved guilty beyond a reasonable doubt of possessing over 200 grams of a barbituate even though only random samples of the capsules recovered from his person were weighed and chemically analyzed.

We affirm.

The testimony presented at trial disclosed that at approximately 10:30 p.m. the evening of March 27, 1973, two Chicago police officers were in the vicinity of 4400 North Lawndale in Chicago searching for a missing nine-year-old boy. As the officers approached two individuals standing in front of a building, one of the individuals shouted, "Look Out! Police!" As the two individuals fled, one of the officers yelled, "Stop, Police." The officers noticed that one of these individuals, later identified as the defendant, David Yosell, had a brown paper bag in his possession. The officers chased the defendant into a building where they saw him throw the brown paper bag up to the third-floor landing and walk back down the stairs toward the officers. The officers apprehended the defendant and recovered the paper bag which contained numerous plastic bags filled with blue and red capsules. After arresting the defendant and informing him of his constitutional rights, the officers searched the defendant and recovered from his pocket ten more capsules.

The officers then took the brown paper bag and its contents to the Criminalistics Division of the Chicago Police Department where it was analyzed by two chemists, Veronica Drantz and Gerald Pazin. At trial, Miss Drantz testified that the brown paper bag contained 10 plastic bags filled with capsules; that she counted the capsules in two of the 10 plastic bags and discovered 101 capsules in each of those two plastic bags; and that she estimated the eight remaining bags, which each appeared the same in weight and contents as the first two bags, to contain 100 capsules each. Miss Drantz further testified that she tested the contents of six of the capsules and found that each of the capsules contained a compound known as tuanol, a derivative of barbituric acid. As to the weight of the powder in the capsules, Miss Drantz testified that she weighed the powder from two of the capsules and discovered such weight to be 0.64 grams. She multiplied this by 500 to obtain the total weight of the powder in the capsules which she testified to be 320 grams.

At trial, Mr. Pazin testified that he weighed 10 of the capsules and determined such weight to be 3.44 grams. He then weighed the total amount of capsules in one of the plastic bags and, comparing this total weight to the weight of the 10 capsules, determined that the number of

capsules in that one bag was 100. Since each of the 10 bags was approximately the same size, Mr. Pazin multiplied 3.44 grams by 100 to determine that the total weight of the 10 bags was 344 grams.

Mr. Pazin then took one capsule from each bag and chemically analyzed its contents. The capsules he examined were different from the ones examined by Miss Drantz. Mr. Pazin's analysis showed that each of the capsules examined contained a barbituate.

The only contention that the defendant makes in this appeal is that he was not proved guilty beyond a reasonable doubt. Defendant does not challenge the findings of the two chemists as to the results obtained on the 16 capsules actually tested. However, emphasizing that possession of 200 grams or more of a derivative of barbituric acid is a Class 1 felony and that possession of less than 200 grams of said substances only a Class 3 felony (see Ill. Rev. Stat. 1973, ch. 56½, par. 1402(a)(5) and 1402(b)), defendant does question the sufficiency of the evidence to support the finding that all the capsules contained barbituric acid and that the total weight of said substance in defendant's possession was more than 200 grams.

■■ Clearly, if a conviction is based upon insufficient credible evidence, or evidence which is improbable, unsatisfactory, or insufficient to remove all reasonable doubt of defendant's guilt, the court on review will not hesitate to reverse. (*People v. Dougard* (1959), 16 Ill. 2d 603, 158 N.E.2d 596.) However, the State need not necessarily count, analyze and weigh each individual capsule from every bag recovered from the defendant. In the instant circumstances the State need only present sufficient evidence proving beyond a reasonable doubt that the entire substance recovered from the defendant is a derivative of barbituric acid and that its total weight is over 200 grams.

■■ Concerning the weight of the substance, two chemists testified that each of the 10 bags appeared to be approximately the same size and to contain the same number of capsules. One of these chemists actually counted the capsules in two of the bags and determined the total weight from a sample weighing of the powder from two of the capsules. The other chemist determined the total weight from a sample weighing of 10 of the capsules. From these separate calculations, each of the chemists concluded that the total weight was over 300 grams. Although perhaps neither of the above procedures employed for determining the total weight is more reliable than one simple weighing of the entire contents, considering the above testimony, we find no reasonable doubt as to the finding that the weight of the controlled substance was over 200 grams.

As to the question of whether or not each of the capsules contained barbituric acid, one chemist analyzed six randomly selected capsules and the other analyzed 10 different capsules, one selected from each of the 10

bags. A chemist is permitted to analyze a small amount of the substance and given an opinion as to the substance as a whole. (*People v. Kline* (1976), 41 Ill. App. 3d 261, 354 N.E.2d 46.) The fact that only part of the material is positively identified as containing a controlled substance goes only to the weight of the evidence rather than its admissibility (*People v. Hering* (1975), 27 Ill. App. 3d 936, 327 N.E.2d 583), and under such circumstances, the question of whether or not the entire substance contains a controlled substance is a question of fact for the trier of fact. *People v. Schmidt* (1976), 38 Ill. App. 3d 207, 347 N.E.2d 289. See also *People v. Ohley* (1973), 15 Ill. App. 3d 125, 303 N.E.2d 761.

■■ In the instant case 16 capsules, randomly selected from each of the 10 bags, were tested. The test results indicated that each of the capsules contained a derivative of barbituric acid. Under these circumstances the question of whether or not the entire substance was a derivative of barbituric acid was a question for the trier of fact. Considering the above testimony, we find no reasonable doubt concerning his finding.

■■ Furthermore, the instant testimony of the two chemists is uncontradicted. The defense offered no testimony concerning the weight and contents of the substance seized from the defendant nor is there any indication in the record that the defense sought to conduct an independent analysis or weighing of the substance. The question of both the weight and contents of the entire substance seized from the defendant is a question of fact for the trier of fact. Based upon the testimony of the two chemists, the trial court's finding that defendant possessed over 200 grams of a controlled substance is amply supported by the evidence and leaves no reasonable doubt of defendant's guilt.

For the abovementioned reasons we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

GOLDBERG, P. J., and O'CONNOR, J., concur.