351 So.2d 1127 (1977)
John Doyle WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. DD-167.
District Court of Appeal of Florida, First District.
November 17, 1977.
Richard W. Ervin, III, Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and A.S. Johnston, Asst. Atty. Gen., for appellee.
BOYER, Judge.
After trial by jury, Wright was found guilty of the offense of possession of more than five grams of cannabis contrary to Section 893.13(1)(e), Florida Statutes, and sentenced to imprisonment at hard labor for *1128 the term of three years. His sole point on appeal is that the trial court erred in not granting either his motion for directed verdict of acquittal or his motion for new trial to the extent that said motion was directed toward the sufficiency of the evidence to support the jury's verdict. More specifically, Wright argues that the state failed to prove all of the essential elements of the felony offense he was charged with.
Wright was charged by amended information with the "actual or constructive possession of a controlled substance, named or described in Section 893.03(1)(c), Florida Statutes, to-wit: more than five grams of Cannabis, contrary to Section 893.13(1)(e), Florida Statutes." Since the state did not allege nor prove a prior conviction under Section 893.13(1)(f),[1] it is only the weight of the cannabis that determines whether the offense is a felony or a misdemeanor.[2]
At trial, Wright stipulated to the expertise of the state's forensic chemist and toxicologist, Nalley, who testified on direct examination that the "baggie" taken from Wright tested out as ten grams of cannabis sative (or sativa). However, Nalley's testimony upon cross-examination and re-direct revealed that her test method consisted of microscopic and chemical analysis of a randomly selected portion of the alleged cannabis and a weighing of the contents of the baggie. Nalley explained that the contents of the baggie weighed ten grams and that a randomly selected portion of the contents (of an undetermined weight) tested positively as cannabis sative. When asked if she had tested the entire contents to determine if it contained any other substance than cannabis, Nalley stated that she had not.
At the close of the state's case, Wright made a motion for directed verdict on the grounds that the state failed to prove each and every material allegation of the information, followed by a request that the trial court consider a reduction from a felony to a misdemeanor since, Wright contended, a felony amount of cannabis had not been proved. Both were denied.
Criminal convictions cannot be based upon probabilities nor suspicion. It is also a basic rule of statutory construction that statutes that are penal in character must be strictly construed and the accused must be plainly and unmistakably within the criminal statute to justify a conviction.[3] In the instant case, proof that the cannabis in the bag weighed in excess of five grams was an essential element of the felony possession offense charged.[4] However, weight of the evidence is generally to be determined by the jury. As recited above, Wright was charged with possession of more than five grams of cannabis. Nalley, unequivocally testified that the contents of the baggie weighed ten grams and that it was cannabis. On cross-examination she candidly stated that she did not test every molecule separately but that her test of the contents of the baggie was "picked at random". Her testimony may have been weakened by cross-examination but it was not destroyed. Her statement that the baggie contained ten grams of cannabis was not contradicted. The law does not require each molecule, grain, leaf or stalk to be tested separately. Neither does the law *1129 prohibit an expert from arriving at a logical conclusion based upon a random sampling.
At the conclusion of the trial the record contained the unequivocal testimony of witness Nalley that the baggie contained ten grams of cannabis. The record also revealed the testimony on cross-examination that Nalley's conclusion was based upon positive identification of a random sample. The issue was made for resolution by the jury and the jury has spoken. The learned trial judge did not therefore err in denying a motion for directed verdict, in refusing to reduce the charge to a misdemeanor nor in failing to grant a new trial. It is axiomatic that an appellate court may not substitute its judgment for that of a jury on a question of fact. (See Lyles v. State, 312 So.2d 495 (Fla.1st DCA 1975) and cases therein cited.)
AFFIRMED.
SMITH, J., concurs.
RAWLS, Acting C.J., dissents.
RAWLS, Acting Chief Judge (dissenting).
I dissent. By their opinion, he majority acknowledge that criminal convictions cannot be based upon probabilities or suspicion. Further, they recognize a basic rule of statutory construction which holds that statutes that are penal in character must be strictly construed, and the accused must be plainly and unmistakably within the criminal statute to justify a conviction. Lastly, they find that in this case proof that appellant was in possession of in excess of five grams of cannabis to be an essential element of the felony possession charged. However, they conclude that, considering the testimony of the state's expert, it is within the province of the jury to find, or believe, that the entire contents of the ten-gram "baggie" was, in fact, cannabis. While the implicit foundation of the majority's result is the oft-mouthed and generally correct statement that the weight of the evidence is to be determined by the jury, the question must be asked: Is it within the purview of the jury to mentally weigh the physical evidence and determine the nature of the substance when there exists a standardized system of weights and measurements and laboratory procedures for scientifically accomplishing the same end? I think not.
Possession of marijuana or cannabis sative in the State of Florida is a statutory criminal offense of several degrees which are distinguished primarily by the weight of the controlled substance possessed. Specifically, the legislature of this state has determined as a breakpoint that first offenders convicted of being in possession of five grams or less of cannabis are to be treated and may be punished as first degree misdemeanants. Section 893.13(1)(f), Florida Statutes (1975). Possession of in excess of five grams of cannabis is deemed a more serious offense and the offender is subject to being punished as a third degree felon. Section 893.13(1)(e), Florida Statutes (1975). These, of course, are distinctions with a profound difference for appellant, because, as a first degree misdemeanant, he is exposed to a maximum sentence of one year in the county jail; whereas, as a third degree felon, he is vulnerable to as much as five years imprisonment.
In the face of the disparate sentences that appellant could have received depending upon the proof of weight, the state, at trial, argued that to require a chemist to scientifically examine more than a random sample was a near impossibility.
Section 893.02(2), Florida Statutes, defines "cannabis" as:
"(2) `Cannabis' means all parts of the plant of the species cannabis sativa [L], including all varieties thereof, whether growing or not; the seeds thereof; the resin extracted from any part of the plant; and every compound, manufacture, salt, derivative, mixture, or preparation of the plant or its seeds or resin. It does not include the mature stalks of the plant; fiber produced from the stalks; oil or cake made from the seeds of the plant; any other compound, manufacture, salt, derivative, mixture, or preparation of the mature stalks (except the resin extracted therefrom), fiber, oil, or cake; or the *1130 sterilized seeds of the plant which is incapable of germination."
Section 893.02(2) proscribes cannabis indica, cannabis ruderalis, as well as cannabis sativa L. Walker v. State, 318 So.2d 519 (Fla.3rd DCA 1975); Nelson v. State, 319 So.2d 154 (Fla.2nd DCA 1975). However, by definition, "cannabis" does not include the mature stalks or sterilized seeds of the plant or products derived from them.
The tests for cannabis are not complex. 13 Am.Jur. Proof of Facts, Drug Addiction and Possession § 21, reveals:
"A standard test for determining if a suspect substance is marijuana is a modification of Beam test. A test tube is filled to a depth of approximately one inch with the suspect material. Should the material be in raw or leaf form, it will generally be pulverized by means of mortar and pestle, being ground into a relatively coarse powder. A reagent of 100 cc of 95 per cent ethyl alcohol in two gms of potassium hydroxide is poured over the substance until it is covered completely; then 1/4 teaspoonful of activated charcoal is added and the tube is shaken. A violet color is regarded as a positive reaction for the presence of marijuana. If the material is several months old, a very faint violet color will be produced against a brown background within three to five minutes; shortly thereafter fading will occur. When fresh material is used, a striking, lasting, violet color will be produced, even when relatively minute portions of the drug are under analysis."
Marijuana may also be identified by its striking and highly characteristic odor when it is burned. Additionally, identification by microscopic examination for non-glandular hairs with pointed ends is effective and proper even when the material to be tested is from six to eight years old.
Once aware of the relative simplicity of the tests, it becomes apparent that conclusive proof of a felony possession of cannabis by the state is within the realm of the possible. It should only be necessary to separate something in excess of five grams[1] of the proscribed "cannabis"[2] and, thereafter, to perform recognized scientific tests upon it.
In the instant case, the state did not accomplish this task. The majority, however, argue that the question of whether or not the "baggie" contained in excess of five grams of cannabis was a question of fact to be resolved by the jury. I cannot agree. Weight, unlike the obfuscated concepts of intent or knowledge, is capable of measurement. Weight, akin to distance, time and other discrete units, is capable of conclusive measurement; its degree of accuracy limited only by the refinement of the scale and the skill of its operator. While it is within the province of the jury to call the shade of a gray, it is not for them to confuse black with white or ignore the day for the night.[3]
*1131 Appellant was charged with felony possession of in excess of five grams of cannabis. The burden to prove this essential element was upon the state, and the state failed. I would reverse with directions to reduce the conviction and corresponding sentence to that of a first degree misdemeanor possession of five or less grams of cannabis.
NOTES
[1] Sec. 893.13(1)(f), Fla. Stat., provides that if the first offense is the possession or delivery without consideration of not more than five grams of cannabis, that person shall be guilty of a misdemeanor of the first degree.
[2] Pope v. State, 268 So.2d 173 (Fla.2nd DCA 1972). Compare this court's recent opinion in Purifoy v. State, 342 So.2d 560 (Fla.1st DCA 1977), in which it was held that Purifoy failed to meet the burden of proof placed upon him pursuant to Sec. 893.10(1), Fla. Stat., to show that the 7.05 grams of cannabis he was charged with possessing did not weigh more than five grams, after excluding those portions of the plant cannabis sativa specifically excluded from the criminal definition of "cannabis" contained in Sec. 893.02(2), Fla. Stat.
[3] State ex rel. Cooper v. Coleman, 189 So. 691 (Fla. 1939); Watson v. Stone, 148 Fla. 516, 4 So.2d 700 (1941); Newman v. State, 174 So.2d 479 (Fla.2nd DCA 1965).
[4] Gunn v. State, 336 So.2d 687 (Fla. 4th DCA 1976); Samet v. State, 284 So.2d 450 (Fla.3rd DCA 1973); and Pope v. State, 268 So.2d 173 (Fla.2nd DCA 1972), cert disch. 283 So.2d 99 (Fla. 1973).
[1] The amount is not burdensome. The gram, as a measure of weight, is approximately equal to 0.035 of a U.S. ounce. Webster's Third New International Dictionary, Unabridged (1966), It, therefore, does not appear an onerous burden that the state be prepared to prove at trial that something in excess of five grams (or roughly .175 U.S. ounce) was analyzed and scientifically proven to be cannabis.
[2] In addition to removing mature stalks and other portions of the plant defined as not being cannabis by the statute, the Attorney General has recommended that if the cannabis seized from a defendant is mixed with extraneous vegetative debris, or wrapped in cigarette papers, such matter be separated from the cannabis before weighing the cannabis in order to determine whether it weighs more than five grams for purposes of determining the penalty. Atty.Gen.Op. 071-238, August 12, 1971.
[3] Testimony, even of disinterested and unimpeached witnesses on subjects of measurement, distance, etc., based merely on memory, estimate, or casual observation, must yield to that which is based on actual measurement. 31 Am.Jur.2d, Expert and Opinion Evidence § 156; C.J. Jones Lumber Co. v. Morrison, 154 So.2d 721 (Fla.2nd DCA 1963); cert. den. 165 So.2d 758 (Fla. 1964). More importantly is the view that the testimony of experts becomes more than mere opinion when it consists of facts revealed by the use of mechanical instruments and where it is scientifically established to the degree of actual demonstration. 31 Am.Jur.2d, Expert Opinion and Evidence § 183; Boyd v. Gosser, 78 Fla. 64, 82 So. 758 (1918), 6 A.L.R. 500.