BOYER, Acting Chief Judge.
Kenny, charged with possession of cannabis in excess of one hundred pounds contrary to Section 893.13(l)(a)2, Florida Statutes (1977), moved to dismiss the information pursuant to Fla.R.Crim.P. 3.190(c)(4) asserting that the undisputed material facts failed to establish a prima facie case. The state, in its traverse filed pursuant to Fla.R. Crim.P. 3.190(d), presented additional facts and denied that the undisputed material facts did not establish a prima facie case. Kenny contends the trial court erred in denying his motion to dismiss. We disagree and affirm the judgment of conviction which was entered following Kenny’s plea of nolo contendere to the charge.
The facts as established by the motion to dismiss and the state’s traverse revealed that twenty-four bags of a substance, weighing 1,589 pounds in the aggregate, were seized from Kenny. Representative samples from each bag were delivered by police officers to the state’s expert witness. The remaining portions of the substance were destroyed. Based upon his tests and analyses, the state’s expert witness concluded each of the twenty-four samples tested contained from 20 to 120 grams of cannabis.[1]
Relying on Purifoy v. State, 359 So.2d 446 (Fla.1978),[2] Kenny asserts a prima facie case was not established arguing the state could not prove that Kenny possessed in excess of one hundred pounds of cannabis as that term is defined by Section 893.02(2), Florida Statutes (1977). Purifoy, supra, held that in a case charging possession of more than five grams of cannabis, the state has the burden of proving that the substance possessed by the defendant exceeds the statutory threshold exclusive of mature stalks and stems, which by definition are not prohibited substances.
The facts herein were sufficient to present a prima facie case that Kenny possessed over one hundred pounds of canna *305 bis. Each of the representative samples tested by the expert witness contained from 20 to 120 grams of cannabis. Based upon this fact, it could logically be concluded that Kenny possessed more than one hundred pounds of cannabis exclusive of mature stalks and stems since the amount of substance possessed by Kenny was so great.
Accordingly, Kenny’s conviction for possession of more than one hundred pounds of cannabis is affirmed.
MILLS and BOOTH, JJ., concur.

. One hundred pounds is the equivalent of 45,-360 grams.

. Analogous are Fotianos v. State, 329 So.2d 397 (Fla. 1st DCA 1976) and Wright v. State, 351 So.2d 1127 (Fla. 1st DCA 1977).