528 So.2d 1237 (1988)
Willie J. ROSS, Appellant,
v.
The STATE of Florida, Appellee.
No. 87-428.
District Court of Appeal of Florida, Third District.
July 19, 1988.
Rehearing Denied August 24, 1988.
Bennett H. Brummer, Public Defender and Harvey J. Sepler and Bruce Rosenthal, Asst. Public Defenders, for appellant.
Robert A. Butterworth, Atty. Gen. and Ivy R. Ginsberg, Asst. Atty. Gen. and Clair *1238 Lardner, Certified Legal Intern, for appellee.
Before SCHWARTZ, C.J., and HUBBART and NESBITT, JJ.
HUBBART, Judge.
The central question presented for review is whether the state presented a prima facie case that the defendant had in his actual possession twenty-eight grams or more of cocaine  and was thus guilty of trafficking in cocaine under Section 893.135(1)(b), Florida Statutes (1985)  upon evidence adduced at trial which showed that (1) a total of ninety-two (92) separately wrapped plastic packets of white powder were seized by the police from the defendant's person, (2) only two (2) of these packets were chemically tested by a duly qualified crime laboratory technician and were found to contain a mixture of cocaine weighing less than twenty-eight (28) grams, and (3) the total weight of the material in all the packets seized  including the untested packets  was over twenty-eight (28) grams. For the reasons which follow, we conclude that the state failed to establish a prima face case of trafficking in cocaine; accordingly, we reverse the cocaine trafficking conviction under review, and remand with directions to reduce the subject conviction to simple possession of cocaine. §§ 893.13(1)(e), 893.03(2)(a)(4), Fla. Stat. (1985).

I
The facts of this case are as follows. On July 4, 1986, at approximately 5:10 P.M., Officers David Dorsey and Curtis Mizell of the Metro-Dade Police Department were on duty in a patrol car. They pulled into a parking lot located at S.W. 224 Street and S.W. 112 Avenue in Dade County, Florida, investigating an unrelated crime. At that time, Officer Dorsey saw the defendant Willie J. Ross throw a brown paper bag on the ground and walk away from it; the defendant then retraced his steps, retrieved the brown paper bag, placed an object in it, threw the bag back on the ground and again walked away. Officer Mizell immediately detained the defendant, while Officer Dorsey retrieved the brown paper bag. Inside this brown paper bag, Office Dorsey discovered two bundles: (1) one of these bundles contained thirty-six (36), separately wrapped, plastic packets of white powder, and (2) the second bundle contained fifty-six (56), separately wrapped, plastic packets of white powder. At that point, the defendant was arrested and the plastic packets were seized.
Officer Dorsey turned over the above-stated plastic packets of white powder to Walter Bodie, a duly qualified crime laboratory technician with the Dade County Crime Laboratory. Mr. Bodie, in turn, chemically tested two (2) of the plastic packets given to him, one from each of the two bundles seized from the defendant, and concluded that these packets contained cocaine. Without dispute, the total weight of these two plastic packets was considerably less than twenty-eight grams  the statutory weight required for the offense of trafficking in cocaine. § 893.135(1)(b), Fla. Stat. (1985).
Mr. Bodie did not test the contents of the remaining ninety (90) plastic packets based on workload constraints. After testing the above two (2) packets, he, instead, opened all the plastic packets given to him and poured them into two envelopes: (1) one envelope containing the thirty-six (36) plastic packets found in the first bundle he received, and (2) the other envelope containing the fifty-six (56) plastic packets found in the second bundle he received. Mr. Bodie then weighed the two envelopes; the first envelope weighed 12.6 grams and the second envelope weighed 26.2 grams  for a total of 38.8 grams. He also stated at trial that the white powdery substance contained in all ninety-two (92) plastic packets looked alike from a visual inspection.
The defendant was thereafter charged by information with trafficking in cocaine under Section 893.135(1)(b), Florida Statutes (1985), before the Circuit Court in Dade County, Florida. He entered a plea of not guilty and was tried below by a jury in which the above-stated facts were adduced; the defendant also testified and denied that he was ever in possession of the *1239 brown paper bag from which the police seized the ninety-two (92) plastic packets discussed above. The defendant moved for a judgment of acquittal at trial, both at the close of the state's case and at the close of all the evidence, on the ground that the state had failed to establish that the defendant was ever in possession of twenty-eight or more grams of cocaine, an essential element of trafficking in cocaine under the above statute. The trial court denied the motions and sent the case to the jury.
The jury had considerable difficulty with this case based primarily on Mr. Bodie's testimony. First, the jury asked for and was refused  correctly, we think  a transcript of Mr. Bodie's testimony. Second, the jury sent out a question in which they inquired whether "it was sufficient to find an entire substance to be cocaine so long as there is any trace amount in the mixture." The court  correctly, we think  did not directly answer the question, but reinstructed the jury on the elements of the trafficking charge and the lesser included offense of simple possession of cocaine. Finally, the jury announced that it was deadlocked and could not reach a verdict. The court then gave the jury a modified "Allen" charge, and the jury thereafter convicted the defendant of trafficking in cocaine, as charged.
The defendant subsequently moved the court for a new trial or, in the alternative, to reduce the conviction to the lesser included offense of simple possession of cocaine. The trial court denied the motion and sentenced the defendant to three and one-half years imprisonment. This appeal follows.

II
Section 893.135(1)(b), Florida Statutes (1985), makes trafficking in cocaine a first-degree felony as follows:
"Any person who knowingly sells, manufactures, delivers, or brings into this state, or who is knowingly in actual or constructive possession of, 28 grams or more of cocaine as described in s. 893.02(2)(a)4. or any mixture containing cocaine is guilty of a felony of the first degree, which felony shall be known as `trafficking in cocaine.'" (emphasis added).
It is well settled that this statute prohibits the sale, delivery, manufacture, importation, or knowing actual or constructive possession of either pure cocaine or a mixture containing cocaine  so long as the subject pure cocaine or mixture thereof weighs twenty-eight (28) grams or more. State v. Yu, 400 So.2d 762 (Fla. 1981), appeal dismissed, 454 U.S. 1134, 102 S.Ct. 988, 71 L.Ed.2d 286 (1982); Velunza v. State, 504 So.2d 780, 781 (Fla. 3d DCA 1987). It is also clear that the subject cocaine or mixture may be contained, as here, in a series of separately wrapped packets which, in toto, weigh twenty-eight grams or more. See Kenny v. State, 382 So.2d 304 (Fla. 1st DCA 1978). The state, however, has the burden of proof on this issue, see Purifoy v. State, 359 So.2d 446 (Fla. 1978), and must, accordingly, establish that each of the subject packets contains cocaine or a mixture thereof which in the aggregate satisfies the above statutory weight.
Although the question is not free from doubt, we do not think that this burden is satisfied by a simple visual examination of separately wrapped packets containing white powder weighing twenty-eight (28) grams or more  after testing, as here, only one or two of these packets and finding cocaine therein which weighed less the required statutory weight. It is essential in order to sustain a cocaine trafficking conviction that each packet of white powder be chemically tested, by random sample, to contain cocaine, and that the total weight of the material in the tested packets equal or exceed twenty-eight (28) grams; a visual examination of untested packets of this weight is insufficient to convict because the white powder contained therein may be milk sugar or any one of a vast variety of other white powdery chemical compounds not containing cocaine. Moreover, the fact that one or two packets containing cocaine are found among other packets containing similar-looking white powder is no assurance that the latter untested packets also contain cocaine in view of (1) the vast number *1240 of other chemical compounds which have a similar white powdery appearance, and (2) the fact that the material in the untested packets was not commingled with the material in the tested packets.
In this connection, we think the caselaw which allows random positive testing of one suspect illegal pill commingled in a single packet containing other similar-looking pills, Asmer v. State, 416 So.2d 485 (Fla. 4th DCA 1982), or the random positive testing of a sample of suspect marijuana commingled in a single bag containing similar-looking material, Kenny v. State, 382 So.2d 304 (Fla. 1st DCA 1978); Wright v. State, 351 So.2d 1127 (Fla. 1st DCA 1977), as proof that the entire packet or bag contains illegal pills or marijuana is totally distinguishable from the random testing of only one of many separately wrapped packets of suspect cocaine. This is so because the random positive samples of suspect illegal pills or suspect marijuana is taken from a single packet or bag and is thus commingled with other similar-looking material. It is therefore a fair inference that the latter, similar-looking, commingled material is the same as the random positive sample taken therefrom. One cannot, however, make a similar inference where the untested material is not commingled with the random sample  as where the untested suspect illegal pills, marijuana, or cocaine is contained in a separately wrapped package from which a random sample is not taken for testing.
We think the Illinois decisions on this subject accurately state the applicable law:
"In the prosecution of a drug offense, the State need not count and weigh each individual capsule or tablet from every bag or container recovered from a defendant. (People v. Yosell (1977), 53 Ill. App.3d 289, 11 Ill.Dec. 184, 368 N.E.2d 735.) A chemist need only test random samples in order to be qualified to render an opinion as to the makeup of the entire substance before him. (People v. Games (1981), 94 Ill. App.3d 130, 49 Ill.Dec. 666, 418 N.E.2d 520; People v. Yosell (1977), 53 Ill. App.3d 289, 11 Ill.Dec. 184, 368 N.E.2d 735; People v. Kline (1976), 41 Ill. App.3d 261, 354 N.E.2d 46; People v. Hering (1975), 27 Ill. App.3d 936, 327 N.E.2d 583; People v. Ohley (1973), 15 Ill. App.3d 125, 303 N.E.2d 761.) This rule is one of reason and practicality. (People v. Games (1981), 94 Ill. App.3d 130, 49 Ill.Dec. 666, 418 N.E.2d 520.) As the court said in People v. Hering (1975), 27 Ill. App.3d 936, 943, 327 N.E.2d 583, `The fact that only a part of the material is positively identified as containing contraband only goes to the weight of the evidence rather than its admissibility.'
However, such a rule is not without limitation. In both People v. Ayala (1981), 96 Ill. App.3d 880, 52 Ill.Dec. 446, 422 N.E.2d 127, and People v. Games (1981), 94 Ill. App.3d 130, 49 Ill.Dec. 666, 418 N.E.2d 520, cited by the defendant here, the defendants there were charged with possession of heroin and delivery of cannabis, respectively. The severity of the offense charged in each case was based upon the amount of contraband contained in two packages. The State's chemists in each of those cases conclusively tested only one of the two packages but rendered opinions that both packages involved in the case contained contraband. Thus, the chemists employed in those cases failed to conclusively determine the presence of contraband in a random sample taken from one of the two packages. This court refused to permit the amount of substance in the package from which no random sample was conclusively analyzed to be considered in determining the severity of the offense committed. Accordingly, because the amount contained in the package conclusively tested in each case could not sustain the severity of the offense charged, the convictions of the defendants in both Ayala and Games were reduced to the lesser included offenses, i.e., offenses dealing with smaller amounts of contraband."
People v. Kaludis, 146 Ill. App.3d 888, 497 N.E.2d 360, 364 (1986) (appeal denied Dec. 4, 1986).

III
Turning now to the instant case, we have no difficulty in concluding that the *1241 state failed to establish a prima facie case of trafficking in cocaine under Section 893.135(1)(b), Florida Statutes (1985). Without dispute, only two (2) of the ninety-two (92) separately wrapped packets of white powder were chemically tested by Mr. Bodie, the crime laboratory technician, to contain a mixture of cocaine  a mixture which did not weigh twenty-eight (28) grams or more, as required for a conviction under the above statute. Moreover, the fact that Mr. Bodie broke open all of the above ninety-two (92) packets, poured their contents into two envelopes, and thereby created two separate packets containing a mixture of cocaine weighing 38.8 grams cannot satisfy the state's burden of proof on this issue. Obviously, the state's representative cannot himself make his own packets of cocaine by combining separately wrapped packets of tested and untested material which in the aggregate weigh twenty-eight (28) grams or more; the packets which he tests and weighs must be the packets as seized from the defendant.
Based on the applicable law, as stated above, the defendant's conviction for trafficking in cocaine must be reversed because the state failed to prove that the defendant was in possession of a mixture of cocaine weighing twenty-eight (28) grams or more. The state did establish, however, that the defendant was in possession of a mixture of cocaine weighing less than twenty-eight (28) grams based on the two (2) packets, seized from the defendant, which Mr. Bodie subsequently tested positive for cocaine. Accordingly, the trial court erred in denying the defendant's motions for judgment of acquittal at trial because the charge should have been reduced to simple possession of cocaine. §§ 893.13(1)(e), 893.03(2)(a)(4), Fla. Stat. (1985).
The final judgment of conviction and sentence under review is reversed, and the cause is remanded to the trial court with directions to reduce the subject conviction to simple possession of cocaine, §§ 893.13(1)(e), 893.03(2)(a)(4), Fla. Stat. (1985), and thereafter to impose an appropriate sentence.
Reversed and remanded.
NESBITT, J., concurs.
SCHWARTZ, Chief Judge (dissenting in part).
With the greatest respect for Judge Hubbart's characteristically comprehensive and excellent opinion, I cannot agree. It seems to me, as it must have to the jury, eminently reasonable to conclude that the material in the packet randomly selected from each of the two bundles was representative and characteristic of the other ones, which were otherwise identical in every way. See Asmer v. State, 416 So.2d 485 (Fla. 4th DCA 1982); Kenney v. State, 382 So.2d 304 (Fla. 1st DCA 1978); Wright v. State, 351 So.2d 1127 (Fla. 1st DCA 1977). The fact that separate envelopes were involved seems to me to be a difference rather than a distinction between the cited decisions and the present case. In sum, a reasonable person could conclude beyond a reasonable doubt that all of the packages in the two bundles contained cocaine. Since both bundles were possessed at the same time by the same person, the defendant Ross, I believe that they were properly added together in order to reach the trafficking threshold of twenty-eight grams. Hence, I would affirm the judgment below in its entirety.