[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-13838

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 20, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-20730-CV-JAL

JULIO CESAR BELLIZIA,

Petitioner-Appellee,

versus

FLORIDA DEPARTMENT OF CORRECTIONS,
Secretary, Walter A. McNeil,

Respondent-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 20, 2010)

Before BARKETT and MARCUS, Circuit Judges, and HOOD,* District Judge.

PER CURIAM:

_____

* Honorable Joseph M. Hood, United States District Judge for the Eastern District of
Kentucky, sitting by designation.

Walter A. McNeil, the Secretary for the Florida Department of Corrections ("the State"), appeals the district court's grant of Julio Cesar Bellizia's 28 U.S.C. § 2254 habeas corpus petition. The district court granted Bellizia's § 2254 petition, finding that his trial counsel was ineffective for failing to move for a judgment of acquittal during Bellizia's trial in state court on the ground that the State failed to prove that Bellizia possessed twenty-eight grams or more of heroin for purposes of applying a twenty-five-year mandatory minimum sentence, as required by Ross v. State, 528 So. 2d 1237 (Fla. 3d Dist. Ct. App. 1988). The district court found that had Bellizia's counsel challenged the State's failure to test the contents of each of the thirty-two pellets, which allegedly contained heroin, Bellizia would not have been subject to the twenty-five-year mandatory minimum sentence, and thus granted his habeas petition. The State appeals. We affirm.

## I. BACKGROUND

At trial, Bellizia testified that he was approached by two men who threatened to kill his mother and brother unless he helped them transport drugs into the United States. He knew the men were drug traffickers. He swallowed the approximately thirty-three pellets given to him prior to boarding his flight from Venezuela to Miami, but testified that, while he suspected that they contained drugs, he was not sure of the type or amount. Upon arrival in Miami, Bellizia lost

2

consciousness and was admitted to the hospital where the pellets were discovered and surgically removed.

The criminalist at the Miami-Dade Police Department Crime Lab tested one pellet, which was found to contain heroin, but did not test the remainder. Instead, she weighed the one pellet containing heroin, assumed the remaining thirty-one pellets contained heroin of approximately the same weight (9.1 grams each), and concluded, on that basis, that Bellizia possessed a net weight of 291.2 grams of heroin. Based thereupon, Bellizia was convicted of trafficking in twenty-eight grams or more of heroin, and sentenced to the twenty-five-year mandatory minimum. The state trial and appellate courts affirmed his conviction and sentence, and his pro se Rule 3.850 motions for post-conviction relief were denied.

Bellizia then timely filed the instant § 2254 habeas corpus petition, arguing inter alia that his trial counsel was ineffective for failing to move for a judgment of acquittal based upon the insufficiency of the State's evidence pursuant to Ross, and that he was prejudiced due to the erroneous imposition of the twenty-five-year mandatory minimum sentence. The district court reviewed the claim de novo[1] and

---

[1] While federal courts typically must give deference to state court adjudications of claims in a habeas petition, see 28 U.S.C. § 2254(d)(1), such deference is not required if the state court failed to the address the merits of a claim asserted by the petitioner. See Davis v. Sec'y for the Dep't of Corr., 341 F.3d 1310, 1313 (11th Cir. 2003). Thus, we agree with the district court that deference was not required because the state courts failed to address the merits of Bellizia's claim. The district court found that Bellizia overcame the procedural default rule by demonstrating cause and prejudice in his meritorious Strickland claim. In any event, the State

3

granted Bellizia's motion, which the State appeals.

## II. DISCUSSION

When reviewing the grant of a § 2254 petition, we review "questions of law and mixed questions of law and fact, including ineffective assistance of counsel claims, de novo, and review findings of fact for clear error." Pardo v. Sec'y, Fla. Dep't of Corr., 587 F.3d 1093, 1098 (11th Cir. 2009) (citation omitted). We construe pro se filings, like Bellizia's, liberally. See United States v. Webb, 565 F.3d 789, 792 (11th Cir. 2009).

In this case, Bellizia contends that his counsel was constitutionally ineffective under Strickland v. Washington, 466 U.S. 668 (1984)[2] for failing to argue that, under Ross, the State was required to prove that every pellet contained heroin and to weigh each pellet. Because the State had not met its burden, Bellizia

_____

does not challenge this finding by the district court and accordingly is deemed to have abandoned them on appeal. See Mize v. Hall, 532 F.3d 1184, 1189 n.3 (11th Cir. 2008).

[2] To prevail on a claim of ineffective assistance of counsel, the defendant must demonstrate both (1) that his counsel's performance was deficient, i.e. the performance fell below an objective standard of reasonableness, and (2) that he suffered prejudice as a result of that deficient performance. Strickland, 466 U.S. at 687-88. "To establish deficient performance, a defendant must show that his counsel's representation fell below an objective standard of reasonableness in light of prevailing professional norms at the time the representation took place." Cummings v. Sec'y for Dep't of Corr., 588 F.3d 1331, 1356 (11th Cir. 2009) (quotation and citation omitted). To demonstrate prejudice, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The petitioner has the burden of establishing that he was prejudiced by his lawyer's deficient performance. Id. at 696.

would not have been subject to a twenty-five-year mandatory-minimum sentence, had his counsel raised the issue.

In Ross, the defendant was arrested and charged with trafficking in cocaine after police recovered a brown paper bag, which contained two bundles, that he threw away. 528 So. 2d at 1238. The first bundle contained thirty-six separately wrapped, plastic packets of white powder, and the second bundle contained fifty-six. Id. The State tested only two of the packets, one from each bundle, and then attempted to include the weight of the contents of all ninety-two packets to support a trafficking conviction. Id.

The Third District Court of Appeal reversed the conviction, holding that when a defendant is charged with cocaine trafficking, and the substance suspected to be cocaine is contained in separately wrapped packets, the State does not satisfy its burden of proving that the cocaine satisfies the minimum statutory weight by chemically testing only one of the packets and then visually examining the contents of the remaining packets. Id. at 1239-41. The court pointed out that visual examination of untested packets is insufficient to support a conviction because the fact that a packet containing contraband is found among other packets containing a substance of similar appearance is no assurance that the other untested packets contain the same contraband as there are a vast number of other chemical

5

compounds that have a similar appearance.  Id. at 1239-40.  Moreover, a visual examination cannot determine the weight of the suspected contraband.  Id. at 1240; see also State v. Clark, 538 So. 2d 500, 501 (Fla. 3d Dist. Ct. App. 1989) (applying Ross to heroin).  Although Florida law allows for circumstantial evidence to be used to establish the identity of a controlled substance, it cannot be used to establish the weight of a controlled substance.  Sheridan v. State, 850 So. 2d 638, 641 (Fla. 2d Dist. Ct. App. 2003).  Thus, Ross sets out the controlling bright-line rule that the State must test each separately wrapped package that is suspected of containing controlled substances in order to establish the identity and weight of the controlled substance.

In this case, the district court made factual findings that the substance inside the separately wrapped pellets was "akin to powder drugs," and thus Ross mandated that the State was required to test each of the individually-wrapped pellets in order to meet its burden of proof as to the identity and weight of the alleged heroin.  It is undisputed that the State failed to do so.  Nonetheless Bellizia was convicted for possessing 28.1grams of heroin and sentenced to a mandatory minimum term of imprisonment twenty-two years greater than the mandatory minimum sentence of three years that he would have received based upon the

weight of the one and only pellet that was actually weighed.[3]

Ross had been the controlling law for many years on the precise issue that Bellizia's counsel faced. The district court did not err in concluding that "[n]o competent counsel – that is, no counsel that was aware of the law – would have failed to argue that the weight of the heroin allegedly possessed by [Bellizia] was illegally calculated." Based on this record, we cannot say that this determination was wrong.

Accordingly, upon review of the record and consideration of the parties' briefs, we affirm the district court's grant of Bellizia's § 2254 petition for habeas corpus relief.

**AFFIRMED.**

---

[3] Under Florida law, any person who knowingly brings heroin into Florida is guilty of trafficking in illegal drugs. Fla. Stat. Ann. § 893.135(1)(c)1. The mandatory minimum sentence for the amount of heroin in the single pellet tested by the State is three years' imprisonment, id. § 893.135(1)(c)1.a, as compared to the mandatory minimum of twenty-five years' imprisonment for the quantity the State attributed to Bellizia but did not test or prove at trial, id. § 893.135(1)(c)1.c.