[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-12862
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 13, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:07-cv-00010-WLS-RLH

WENDELL HARPER SMITH,

Petitioner-Appellant,

versus

WARDEN DON JARRIEL,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(June 13, 2011)

Before EDMONDSON, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Wendell Smith, a Georgia state prisoner proceeding pro se, appeals the district court's denial of his 28 U.S.C. § 2254 petition. We granted a COA on the following issue:

> Whether the district court committed a procedural error by declining to review the merits of Smith's claim concerning the state trial court's admission into evidence of two photographs of the victim's dead body.

We now hold that the district court committed procedural error, and as a result we reverse.

We review a district court's denial of a § 2254 petition de novo. Digsby v. McNeil, 627 F.3d 823, 830 (11th Cir. 2010). When a district court fails to address all of the claims presented by the petitioner, however, we "will vacate the district court's judgment without prejudice and remand the case for consideration of all remaining claims." Clisby v. Jones, 960 F.2d 925, 938 (11th Cir. 1992) (en banc).

Of course not all errors in state trial proceedings support claims for habeas relief. As relevant here, a federal court reviewing a state prisoner's habeas petition may not "reexamine state-court determinations on state-law questions," Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S. Ct. 475, 480 (1991), but it may review state evidentiary rulings to determine whether the rulings violated the petitioner's due process rights. Felker v. Turpin, 83 F.3d 1303, 1311-12 (11th Cir. 1996). In such instances, the inquiry is limited to determining whether evidentiary

errors "'so infused the trial with unfairness as to deny due process of law.'"

Felker, 83 F.3d at 1311 (quoting Lisenba v. California, 314 U.S. 219, 228, 62 S. Ct. 280, 286 (1941)) (citations omitted).

Adhering to these rules, the district court accepted and adopted the Magistrate Judge's Report, which dismissed the claim underlying this appeal – Ground 7 in Smith's underlying habeas petition – because that claim failed "to present [a] proper ground[] for habeas corpus relief." According to the Magistrate Judge, this is so because:

> Evidentiary errors in the admission of photographs, which are matters of state law, ordinarily will not support the granting of habeas relief. Smith v. Newsom, 876 F.2d 1461, 1468 (11th Cir. 1989). "It is not the province of a federal habeas Court to reexamine state-court determinations on state-law questions." [Estelle, 502 U.S. at 67–68, 112 S. Ct. at 480].

We take from this discussion that the Magistrate Judge concluded that Smith failed to plead a federal constitutional violation in his petition, and as a result denied Smith's claim as one seeking habeas relief premised upon state evidentiary errors.[1]

---

[1] Similarly, by describing the Report and Recommendation as "[finding Ground 7] to be [an] inapplicable ground[] for federal habeas relief," the District Court appears to have reached the same conclusion that Ground 7 did not present a claim for relief premised upon the Constitution. Thus, because neither the Magistrate Judge nor the District Court inquired into the merits of Smith's due process claim, the record belies the Respondent's contention that the District Court "by implication" ruled on the merits of Smith's due process claim, and we therefore reject that argument.

3

We think, however, that the Magistrate Judge failed to afford Smith's pro se petition the liberal construction to which it is entitled. Our longstanding rule is that the pleadings of a pro se litigant are liberally construed. Bellizia v. Florida, Dep't of Corr., 614 F.3d 1326, 1329 (11th Cir. 2010). Accordingly, courts must show leniency to pro se litigants, even as they should not serve as de facto counsel or rewrite a pleading in order to sustain an action. GJR Invs., Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998), overruled on other grounds as recognized in, Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010).

A liberal construction of Smith's petition compels the conclusion that Smith pled a federal due process violation. Smith's habeas pleadings described "Ground Seven" as "Trial court abused its discretion by admitting Two photographs[] . . . that were highly prejudicial." Smith later supplemented his petition, explaining in his "Brief in Support of petition pursuant to 28 U.S.C. 2254" that the prejudice from the photographs "violated Due Process." And petitioner's objections to the magistrate's report and recommendation stated that the magistrate erred by not concluding that the challenged photographs prejudiced his right to a fair trial in violation of the Fourteenth Amendment. As clarified in these filings, petitioner's evidentiary claim was a constitutional due process claim that prejudice from the

4

offending photographs so infected the integrity of his trial as to warrant habeas relief.

Because we need not rewrite petitioner's assertions or otherwise act as counsel for Smith to conclude he is invoking his constitutional right to due process, see GJR Invs., 132 F.3d at 1369, his habeas petition should be construed to raise a claim for habeas relief premised on the Due Process Clause of the United States Constitution. U.S. Const. amend. XIV. Therefore, we hold that Smith has presented a proper ground for federal habeas relief.

The upshot of this holding is that Smith has raised a potentially viable claim for habeas relief that was not passed upon by the district court's initial Order disposing of his habeas petition.[2] For this reason, we must vacate the Order below and remand for further proceedings consistent with this opinion. Clisby, 960 F.2d at 938.

**REVERSED and REMANDED.**

---

[2] We hold only that Smith has pled a federal claim, but take no position as to the merits of that claim.