STEVENSON, J.
Defendant, Jerrold Jackson, appeals his conviction for trafficking in cocaine in an amount of 200 grams or more, but less than 400 grams, and possession of cannabis, in an amount of twenty grams or less. Defendant was sentenced to fifteen years with a seven-year mandatory minimum on the cocaine charge and to time served on the misdemeanor possession of marijuana. Because the State failed to establish that the weight of the cocaine was 200 grams or more, we reverse with instructions that this conviction be reduced to the lesser offense of trafficking in cocaine in an amount of twenty-eight grams or more, but less than 200 grams, and that his sentence be modified accordingly.
At Defendant’s trial, a police officer testified that he first came in contact with Defendant when he arrived at his residence to execute a search warrant. During the search, a substance that appeared to be powder cocaine was discovered. A canine was called to the scene and alerted to several locations throughout the residence.
A crime lab technician testified that she tested two items recovered from Defendant’s residence. Item one consisted of eight baggies containing a powdery substance. The chemist tested a random sample of the powder and concluded that the powder was cocaine. The eight baggies had a combined weight of 182.7 grams. The chemist also tested two baggies containing cocaine rocks. Bag one weighed 22.9 grams and bag two weighed 6.6 grams. On cross-examination, the chemist testified that she tested only one of the eight baggies containing the powdery substance. She indicated that she could not confirm that the other seven bags contained cocaine.
Defendant moved for a judgment of acquittal, arguing that the State failed to meet its burden as to possession of cocaine in an amount exceeding 200 grams because no evidence was presented that the other seven baggies contained cocaine. The trial court denied the motion. A trial court’s denial of a motion for judgment of acquittal is reviewed de novo. See Guinan v. State, 65 So.3d 589, 593 (Fla. 4th DCA 2011). “Generally, a trial court should not grant a motion for judgment of acquittal unless, when viewed in a light most favorable to the State, the evidence does not establish a prima facie case of guilt.” Bussell v. State, 66 So.3d 1059, 1061 (Fla. 1st DCA 2011).
In Ross v. State, 528 So.2d 1237 (Fla. 3d DCA 1988), the defendant’s conviction for trafficking in cocaine was reversed because the State failed to prove that he possessed twenty-eight grams or more of cocaine where only two of ninety-two separately-packaged packets were tested. Id. at 1238. While the total weight of the ninety-two packets exceeded twenty-eight grams, the two packets that were tested weighed less than that amount. Id. The Third DCA reasoned that:
[A] visual examination of untested packets of this weight is insufficient to convict because the white powder contained therein may be milk sugar or any one of a vast variety of other white powdery chemical compounds not containing cocaine. Moreover, the fact that one or two packets containing cocaine are found among other packets containing similar-looking white powder is no assurance that the latter untested packets also contain cocaine in view of (1) the vast number of other chemical compounds which have a similar white powdery appearance, and (2) the fact that the material in the untested packets was *1132 not commingled with the material in the tested packets.
Id. at 1239-40.
In this case, the State failed to meet its burden under Ross, where only one of eight baggies was tested. See also Safford v. State, 708 So.2d 676, 677 (Fla. 2d DCA 1998) (in reliance on Ross, reversing conviction for trafficking in cocaine of an amount exceeding twenty-eight grams, where State failed to test forty separately-packaged foils of cocaine powder). We also note that the circumstantial evidence of weight presented by the State was similarly insufficient to meet its burden. See Pama v. State, 552 So.2d 309, 311 (Fla. 2d DCA 1989) (“The state may prove the identity of a controlled substance by circumstantial evidence such as the substance’s appearance, odor, and packaging, by the circumstances under which the substance was seized, ...; the manner by which the substance was being transported, a person’s on-the-scene remarks identifying the substance, ...; and circumstances surrounding the sale or use of the substance.”) (citations omitted). The police officer testified that Defendant admitted to having “approximately a quarter kilogram of cocaine inside of the residence” and that he “normally purchases a quarter kilogram of powder cocaine every two weeks” for which he “pays $2,500.” The police officer explained that the Defendant stated that he cooked half into crack cocaine and kept the other half as powder. Finally, in addition to her testimony about testing the powdery substance, the chemist observed that each baggie was “packaged the same way with the same type of material inside.” However, this evidence did not establish that each baggie contained cocaine, so as to meet the weight requirement of Defendant’s conviction. Defendant’s admissions to the police gave only an approximation of the weight Defendant believed he had in his residence. Further, reliance on the chemist’s testimony that each baggie appeared to contain the same substance is specifically prohibited by Ross. For these reasons, it cannot be a substitute for evidence that the powdery substance in each separate baggie was cocaine. See also Sheridan v. State, 850 So.2d 638, 640-41 (Fla. 2d DCA 2003) (circumstantial evidence that two baggies field-tested positive for the presence of methamphetamine and the defendant’s admission that he was in possession of an ounce of methamphetamine, was insufficient evidence of weight where State failed to test each of the two separate baggies).
Accordingly, Defendant’s conviction is reversed with directions that the conviction for trafficking in cocaine in an amount of 200 grams or more, but less than 400 grams, be reduced to the lesser offense of trafficking in cocaine in an amount of twenty-eight grams or more, but less than 200 grams, and that his sentence be modified accordingly. See § 893.135(l)(b)l.a., Fla. Stat. (2007); Ross, 528 So.2d at 1241.

Reversed and remanded.

MAY, C.J., and CIKLIN, J., concur.