CANADY, J.,
dissenting.
Because I conclude that a rational jury could decide that the evidence presented established beyond a reasonable doubt that Greenwade was guilty of the cocaine trafficking offense for which he was convicted, I dissent. I would approve the decision of the First District Court on review and disapprove Ross v. State, 528 So.2d 1237 (Fla. 3d DCA 1988), and its progeny.
The majority decides that there was no basis for a rational jury to conclude beyond a reasonable doubt that the green bag — which Greenwade conceded contained cocaine — did not contain some baggies with counterfeit cocaine. In doing so, the majority fails to adhere to the rule that a motion for a judgment of acquittal should not be granted “unless the evidence is such that no view which the jury may lawfully take of it favorable to the [state] can be sustained under the law” and that the determination of the jury must prevail if “there is room for a difference of opinion between reasonable [people] ... as to the inferences which might be drawn from conceded facts.” Lynch v. State, 293 So.2d 44, 45 (Fla.1974).
I would follow this rule and adopt the reasoning of Chief Judge Schwartz’s dissent in Ross. Ross, 528 So.2d at 1241 (Schwartz, C.J., dissenting) (“It seems to me, as it must have to the jury, eminently reasonable to conclude that the material in the packet randomly selected from each of the two bundles was representative and characteristic of the other ones, which were otherwise identical in every way.”). It is reasonable for a jury to conclude that a person packaging drugs for distribution would not intermingle visibly indistinguishable baggies containing counterfeit cocaine with baggies containing genuine cocaine. Such a person has an obvious incentive to store his goods in such a way that he will not easily confuse his counterfeit cocaine with his genuine cocaine. See State v. Gosa, 263 N.J.Super. 527, 623 A.2d 301, 306 (Ct.App.Div.1993) (“Since defendant had 180 vials of a white powdery substance in a locked toolbox in his bedroom, fifteen of which were randomly selected, tested and found to contain cocaine, the clear inference is that the other 165 vials, if tested, would also be found to contain cocaine .... This is sufficient circumstantial evidence to undergird the conviction for the higher degree offense. We thus conclude, based on logic and common experience, that the circumstantial evidence that these other 165 vials also contained cocaine, supports the trial judge’s determination that a reasonable jury could find guilt *232 as to the offense beyond a reasonable doubt.”)
Here, the jury’s determination is further supported by Greenwade’s unqualified admission that the green bag contained cocaine. It was reasonable for the jury to infer that the green bag did not contain baggies of counterfeit cocaine intermingled with baggies of genuine cocaine when the defendant stated to law enforcement simply that the bag contained cocaine. The majority’s curt dismissal of the significance of this admission defies “the common sense understanding that an unqualified statement lacks qualifications.” United States v. Frankson, 88 F.3d 79, 82 (4th Cir.1996). That common sense understanding is particularly compelling when — as in this case — the omitted qualification would likely mitigate the criminal responsibility of the defendant.
Greenwade’s cocaine trafficking conviction should not be disturbed.
POLSTON, C.J., concurs.