[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12412

Non-Argument Calendar

_____

MARIA NAVARRO-MARTIN,

Petitioner-Appellant,

*versus*

STATE OF FLORIDA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:22-cv-01691-PGB-DCI

_____

Before JILL PRYOR, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Maria Navarro-Martin, a Florida state prisoner proceeding *pro se*, filed in district court a habeas petition, which she purported to bring under 28 U.S.C. § 2241. The district court explained that the petition had to meet the requirements of § 2254 and dismissed the action without prejudice. Later, Navarro-Martin requested that the court send her, at no cost, a certified copy of the record in the case. The district court denied the request, and Navarro-Martin appealed. After careful consideration, we affirm.

## I.

In 2019, Navarro-Martin was convicted of crimes in Florida state court. In April 2022, she filed her first federal habeas petition, which was brought pursuant to 28 U.S.C. § 2254. After she failed to comply with a court order to file an affidavit and other records that would allow the court to determine whether she needed to pay a filing fee, the district court dismissed the action without prejudice. Navarro-Martin appealed. After we denied her leave to proceed *in forma pauperis* on appeal and she failed to pay a filing fee, we dismissed the appeal. In April 2023, she filed a petition for a writ of certiorari with the United States Supreme Court, which was denied in June 2023.

In September 2022, while Navarro-Martin's appeal of the dismissal of her § 2254 petition was pending in this Court, she filed a second habeas petition in district court. In the second petition,

she again challenged her state conviction but asserted that she was proceeding pursuant to 28 U.S.C. § 2241. Along with her petition, Navarro-Martin filed a motion seeking to proceed *in forma pauperis*.

The district court denied the § 2241 petition and dismissed the case without prejudice. Because Navarro-Martin was in custody pursuant to a state court judgment, the court explained, she had to challenge the validity of her conviction in a petition brought under § 2254. *See Thomas v. Crosby*, 371 F.3d 782, 787 (11th Cir. 2004) (holding that a state prisoner "cannot evade the procedural requirements of § 2254 by filing something purporting to be a § 2241 petition" and explaining that the requirements of § 2254 apply to any petition filed by a prisoner in custody pursuant to a state court judgment, even if it is labeled as a § 2241 petition). The district court noted that its dismissal was without prejudice and that Navarro-Martin could file a § 2254 petition. The court dismissed the action without ruling on Navarro-Martin's request to proceed *in forma pauperis*.

Several months later, Navarro-Martin submitted a new filing in her second habeas case, demanding that the district court provide her a certified copy of the record. She stated that she was seeking a copy of the record in connection with the petition for a writ of certiorari she had filed with the United States Supreme Court seeking review of the dismissal of her § 2254 petition. The district court denied the request, explaining that if the Supreme Court needed a copy of the record, it would request the record from the

district court. This is Navarro-Martin's appeal of the district court's order denying her request for a certified copy of the record.

## II.

We review *de novo* questions of statutory interpretation. *United States v. Jackson*, 58 F.4th 1331, 1335 (11th Cir. 2023).

## III.

We liberally construe Navarro-Martin's brief in this appeal as challenging the district court's denial of her request for a certified copy of the record from her second habeas case. *See Bellizia v. Fla. Dep't of Corr.*, 614 F.3d 1326, 1329 (11th Cir. 2010) ("We construe *pro se* filings . . . liberally."). According to Navarro-Martin, two statutes—18 U.S.C. § 3662(b) and 28 U.S.C. § 2250—required the district court to provide her with a certified copy of the record at no cost to her. We have carefully reviewed both statutes and conclude that neither required the district court to provide her with a certified copy of the record at no cost.

We begin by considering whether Navarro-Martin was entitled to a certified copy of the record at no cost under 18 U.S.C. § 3662(b). Section 3662 authorizes the Attorney General "to establish in the Department of Justice a repository for records of convictions and determinations of the validity of such convictions." 18 U.S.C. § 3662(a). When a defendant is convicted "in a court of the United States, the District of Columbia, the Commonwealth of Puerto Rico, [or] a territory or possession of the United States" of an offense punishable "by death or imprisonment in excess of one year" or when "a judicial determination of the validity of such

conviction" is made "on collateral review," the court must "cause a certified record of the conviction or determination to be made to the repository." *Id*. § 3662(b). Section 3662 provides that records in the repository "shall not be public records." *Id*. § 3662(c). It directs that certified copies of the records "may be furnished for law enforcement purposes on request of a court or law enforcement or corrections officer of the United States [or] . . . of a State." *Id*. § 3662(c)(1)–(2).

We conclude that § 3662(b) did not require the district court to provide Navarro-Martin with a certified copy of the record in this case. As an initial matter, the statute is inapplicable because Navarro-Martin was convicted in Florida state court, not in a federal district court or any other court identified in § 3662(b). Although § 3662(b) requires courts to submit records to the repository when a conviction occurs in a federal district court or any listed court and when a determination about the validity of such a conviction is made on collateral review, it does not impose any obligation to submit records from a conviction that occurred in a state court.

But even assuming that § 3662(b) would require the district court in this case to submit records to the Attorney General's repository, we still could not say that the district court erred in denying Navarro-Martin's request for a certified copy of the record. Section 3662 does not require a court to provide a certified copy of a record in the repository at no cost upon a prisoner's demand. Instead, the statute directs that a certified copy must be provided only

"on request of a court or law enforcement or corrections officer." *Id*. § 3662(c)(1)–(2).

We also conclude that nothing in 28 U.S.C. § 2250 required the district court to provide Navarro-Martin with a copy of the record from this action. The statute provides that when a petitioner is permitted to proceed *in forma pauperis* in a habeas action, the district court clerk "shall furnish to the petitioner without cost certified copies of such documents or parts of the record . . . as may be required by order of the judge before whom the application is pending." 28 U.S.C. § 2250. Because the district court never granted Navarro-Martin permission to proceed *in forma pauperis* in this action, § 2250 is inapplicable. But even if the court had permitted her to proceed *in forma pauperis*, we still could not say that the district court erred when it refused to order the clerk to provide a certified copy of the record. Section 2250 affords a district court discretion to provide certified copies of the record at no cost; it does not require that they be provided. *See id.* And we see no abuse of discretion in the district court's decision not to require the clerk to give Navarro-Martin a certified copy of the record at no cost.[1]

---

[1] Navarro-Martin also argues that the district court clerk erred in compiling the record for this appeal because the clerk failed to transmit to our Court the entire record from the district court. She suggests that the district court clerk failed to transmit docket entries 13 and 14. But the record that we received included the documents associated with these docket entries, which were labeled as "Court only." These entries simply show that two pieces of mail from the district court were returned as undeliverable. We have carefully reviewed the record and ensured that nothing has been omitted.

23-12412                Opinion of the Court                7

**AFFIRMED**.

---

Navarro-Martin also argues on appeal that the district court erred when it denied her § 2241 petition and dismissed the action. But the district court entered the order dismissing the action in September 2022, and Navarro-Martin did not file her notice of appeal until July 2023. Because the notice of appeal was untimely to challenge the dismissal of the action, we conclude that we lack jurisdiction to review it. *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1301 (11th Cir. 2010).